KEITH LYNN LASBY, Appellant, v. STATE OF DELAWARE, Appellee.

*(October 25, 1962.)*

SOUTHERLAND, Chief Justice, WOLCOTT and TERRY, J. J., sitting.

*Oliver V. Suddard* for appellant.

*Charles L. Paruszewski*, Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 40, 1962.

SOUTHERLAND, C. J.:

Defendant Lasby was found guilty by a jury on a charge of assault with intent to commit rape. 11 *Del. C.* § 782.

His appeal raises two questions:

1. Prior to trial his counsel moved to quash the indictment as insufficient.

The statute provides in part:

"Whoever, with violence, assaults any female with intent to commit a rape, shall be guilty of a felony * * *."

The indictment reads:

"The Grand Jury charges Keith Lynn Lasby with the following offense, a Felony:

"Assault with intent to rape in violation of Title 11, Section 782 of the *Delaware Code of* 1953.

"Keith Lynn Lasby on the 26th day of April, 1960, in the County of New Castle, did then and there feloniously assault one Judith Marie Burkholder with intent to commit rape upon the said Judith Marie Burkholder."

Defendant's contention was that the indictment failed to allege an essential element of the crime, *i.e.*, the fact that it was committed "with violence". The motion was denied. After conviction the point was again raised on a motion for new trial and again rejected. 174 A. 2d 323.

█ We think the court was right. Under modern practice an indictment is sufficient if it contains a plain and definite statement of the essential facts constituting the offense charged. Rule 7(c), Rules of Criminal Procedure, *Del. C.* It is not necessary to follow the express language of the statute. *Cf. State v. Allen*, 10 Terry (49 Del.) 150, 112 A. 2d 40, 42; *State v. Morrow*, 1 Terry (40 Del.) 363, 10 A. 2d 530.

█ In the instant case the charge of assault imports violence, actual or threatened. *State v. Paxson*, 6 Boyce 249,

99 A. 46; *State v. Brewer,* 1 W. W. Harr. (31 Del.) 363, 371, 141 A. 604; 4 *Am. Jur.,* "Assault and Battery", § 2.

The indictment put the defendant on full notice of what he was called on to defend, and was sufficient effectively to bar a subsequent prosecution for the same offense. Indeed, his counsel candidly admits this. But it is said that the Grand Jury may not have found sufficient cause for the charge because of the supposed missing element in the indictment. Since we do not think any element was missing, the argument falls.

2. The second argument is that a statement of defendant was erroneously admitted in evidence.

We note that the statement is not, strictly speaking, a confession, but at the most a semi-exculpatory statement with some prejudicial admissions. Counsel have assumed that the rules respecting the admissibility of confessions are applicable, and we shall, without so deciding, make the same assumption.

We are not furnished with a transcript of the testimony at the trial, but the essential facts, which are not in dispute, are stated by the trial judge as follows:

"With respect to the statement, the facts developed at trial show as follows: Defendant was arrested on a warrant at his home at about 6:15 A.M. on April 27, 1960, and was taken to a Delaware State Police barracks where he arrived at about 7 A.M. He was handcuffed to an object in a hallway from the time of his arrival until about noon. He was given some food at about 11:30. From about 12:15 P.M. until about 1 o'clock he was interrogated by a police officer; a second officer, at times participated in the questioning. Defendant's statement was reduced to writing beginning about 1 P.M. and ending about 2:15 P.M. He was then taken before a magistrate for arraignment." (174 A. 2d 325)

The handcuffs were removed before the interrogation. The testimony showed that no threats or inducements were made with respect to the statement, and no claim is made that during the interrogation the defendant suffered any ill-treatment.

It is argued, however, that the statement was involuntary because of the five-hour detention before the statement was taken.

■ The argument, as we understand it, is really two-fold. First, it is said that the humiliation of being handcuffed to an inanimate object for five hours so affected the mind of defendant that the statement must as a matter of law be deemed involuntary. The argument raises a question of fact, not of law. The question was heard by the court and then submitted to the jury in accordance with our practice. See *Wilson v. State*, 10 Terry (49 Del.) 37, 109 A. 381. In the light of that decision, the trial judge held that he could not say as a matter of law that coercion existed. We think he was right. Defendant in effect asks us to overrule the *Wilson* case. This we decline to do. Defendant relies on *McNabb v. United States*, 318 U. S. 332, 63 S. Ct. 608, 87 L. Ed. 819, but we agree that it does not govern the case at bar, because in the *McNabb* case no constitutional question was presented.

■ Second, it is said that the provisions of Rule 5(a) of the Rules of Criminal Procedure were violated. That rule provides in part:

"An officer making an arrest with or without a warrant * * * shall take the arrested person without unreasonable delay before either the nearest available Justice of the Peace * * *or before the court out of which the warrant issued * * *."

This rule is based on 11 *Del. C.* § 1911, which contains the same requirement, and also provides:

"in any event he shall, if possible, be so brought within 24 hours of arrest, Sundays and holidays excluded * * *."

The trial court held that the questioning of defendant before arraignment was not in itself unlawful (*Wilson v. State, supra*), and that he could not say that as a matter of law the delay was unreasonable, particularly in the light of the 24-hour provision of the statute. We agree.

We find no error, and the judgment is affirmed.