### State of Vermont v. William H. Robinson
[ 204 A.2d 163 ]

June Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed July 28, 1964

*Robert D. Rachlin,* State's Attorney, for the State.

*Witters, Akley & Brown* for the Respondent.

**Shangraw, J.** On March 19, 1964 the state's attorney of Caledonia County filed an information in the Caledonia County Court charging the respondent with leaving the scene of a motor vehicle accident contrary to the provisions of 23 V.S.A. §1004(a).

The respondent countered with a pleading entitled "Plea to Jurisdiction" in which representations were made that a complaint for the same offense was then pending in the Caledonia Municipal Court. By his plea he claimed that the information pending in the county court should be quashed. Hearing was had on the plea, which was sustained, and the information ordered quashed. From this ruling the state has appealed.

The case in the municipal court had been set for the drawing of a jury on March 19, 1964. Before the jury was drawn the respondent challenged the array, claiming that the method by which the jury was to be drawn was in violation of Chapter I, Article 10th of the Vermont Constitution. This challenge was based on the contention that the body of the jurors were drawn from towns under 12 V.S.A. §1501 containing less than fifty percent of the population of the county. By this the respondent contended that he was being deprived of a trial by an impartial jury of the county. The challenge to the array was overruled by the municipal court and the state's attorney immediately entered a nolle prosequi of the case. This took place on March 19, 1964. On the same day, following the nolle prosequi, the state's attorney filed an information in county court charging the same offense.

To facilitate a disposal of the issues presented in this case, the parties in oral argument stipulated that the files and records in the municipal court case, docket No. 293, might be considered by this Court on the factual issues presented. Even without such a stipulation, since both parties and the subject matter of the litigation are identical in the two cases, judicial notice of the related records by this Court is proper. *Casellini-Venable Corp.* v. *Rogers,* 123 Vt. 427, 429, 192 A.2d 458.

The first question for review is whether or not the municipal court case was pending in that court at the time the information was filed in the Caledonia County Court. It is well established in this State that when the nolle prosequi was entered on March 19, 1964, and before the information was filed in the county court, the case in the municipal court was at an end. *State* v. *Van Ness,* 109 Vt. 392, 397, 199 Atl. 759. The municipal court was then left without jurisdiction of the case. It could not certify to this court for review its action in overruling respondent's challenge to the array under the provisions of 12 V.S.A. §2386. The order dated April 17, 1964 permitting an appeal to this Court before final judgment is without force and effect. That case is not here for review.

The municipal court case was discontinued prior to certification to this Court, and also before the filing of the information in county court. The latter court became vested with jurisdiction to entertain the prosecution on the charges contained in the information.

For the foregoing reasons the action of the county court in sustaining respondent's "Plea to Jurisdiction" and quashing the information constituted error.

*Reversed and remanded.*