# In re Paul W. Crepeault

[215 A.2d 524]

December Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ. and**

**O'Brien, Supr. J.**

Opinion Filed December 10, 1965

*Harvey B. Otterman* for the respondent.

*Chester Ketcham,* Deputy Attorney General, for the State.

· **Barney, J.** This is a petition for release from confinement by writ of habeas corpus. The petitioner is a minor, and his father was appointed guardian ad litem in this Court. The boy was charged with breach of the peace and brought before the Caledonia Municipal Court on January 29, 1965. Counsel was appointed on that day and on February 1, 1965, the petitioner pleaded not guilty and not guilty by reason of insanity. He was temporarily committed to the state hospital at Waterbury, found sane, and returned. On March 3, 1965, the charge before the municipal court was nol prossed and the same charge brought in county court, where the petitioner was and is also charged with arson. On May 10 the state's attorney nol prossed the breach of the peace charge in county court and, with the consent of the petitioner's attorney, moved in municipal court to strike the nolle prosequi previously entered there to the breach of the peace charge. The motion was granted, the petitioner, by his attorney, withdrew his previous pleas, and the court accepted a plea of nolo contendere. It was on this plea he was adjudged guilty and sentenced to his present confinement, eighteen months to three years in the House of Correction.

 This striking of the nolle prosequi entry was not a case of the court acting to correct one of its records, but an attempt to revive a complaint discontinued at the instance of its author, the state's attorney. An entry of nolle prosequi ends the case, extinguishing the jurisdiction of the municipal court for prosecution purposes. *State* v. *Robinson,* 124 Vt. 225, 227, 204 A.2d 163; *State v. VanNess,* 109 Vt. 392, 399, 199 Atl. 759. The jurisdiction of the municipal court to thereafter convict and sentence on that process was completely gone.

It has been made to appear here that there is pending in Caledonia County Court a charge of arson already brought against this petitioner. This opinion deals only with his confinement on the mittimus from municipal court, finding it unlawful. If there was before us sufficient record and evidence to clearly establish the existence and validity of jurisdiction in the county court on the arson charge by legal arrest on that process, we would be disposed to remand the petitioner to the custody of the sheriff of Caledonia county. *In re Harris,* 68 Vt. 243, 245-6, 35 Atl. 55. Indeed the law directs that, where restraint is authorized, the prisoner shall be remanded to the custody of such officer as by law is authorized to detain him. 12 V.S.A. § 3974. With proof lacking, however, the activation of any process outstanding against this petitioner must be left to the appropriate officer.

*The confinement of the petitioner in the House of Correction on the order of the Caledonia Municipal Court is adjudged illegal, and he is discharged therefrom.*

**O'Brien, Supr. J.,** dissents on the ground that *State* v. *Robinson and State* v. *Van Ness,* supra, are not authority for irrevocable extinguishment of jurisdiction where the petitioner, through his counsel, voluntarily submits to the jurisdiction of the court. I see no deprivation of the constitutional rights of the petitioner.