### In re Paul R. Crepeault

[ 236 A.2d 644 ]

December Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 12, 1967

*Harvey B. Otterman* for petitioner.

*Sten Lium,* State's Attorney and *Alan W. Cheever,* Assistant Attorney General, for the State.

**Per Curiam.**   This is an appeal from the dismissal by the Caledonia County Court of appellant's petition for review brought under 13 V.S.A. §7131 after his conviction and sentence for the crime of arson. He is presently confined to state prison on a sentence of 3-10 years.

The petition was prepared by the petitioner personally as an indigent respondent. This court assigned counsel to present respondent's claim of errors to this court.

The information and warrant described the respondent as "Paul W. Crepault" whereas his true name is claimed to be "Paul R. Crepeault." Mittimus issued in the name of "Paul W. Crepeault." The respondent claims this error in his name is so flagrant that it justifies his release rather than having the record corrected. The action of the court below is without error.

It has long been the general rule that there must be a substantial misnomer or mistake in either the Christian name or the surname of the accused in the charging part of an indictment or information to vitiate the accusation. 27 Am.Jur., Indictments and Informations, §79; 65 C.J.S. Names §4, notes 39, 40. The improper insertion, or error in or omission of the middle name of a person referred to is immaterial, especially where the particular error or omission is one which may be cured or corrected by amendment under local statutes and practice. *Ibid.* See also 42 C.J.S. Indictments and Informations §127(c).

Moreover, in the proceedings against him, the respondent used the initial "W" throughout the case in his pleadings, motions and notices. Further than this, in 1965 the respondent under the name "Paul W. Crepeault" brought a petition for *habeas corpus* to this court concerning an unrelated criminal proceeding in Caledonia Municipal Court. *In re Crepeault,* 125 Vt. 360, 215 A.2d 524. From this it is apparent that the respondent used the middle initial "W" whether or not it legally was "R."

Where a person is equally well known by either or two names, an indictment for an assault and battery, charging him by either of such names, is sufficient. *State* v. *Bundy,* 64 Me. 507; 27 Am.Jur., Indictments and Informations §79.

Prejudice is neither claimed nor shown and no question is raised of the identity of the respondent with the crime charged. At

most, if there is a defect, it is one of form only. *State* v. *Murphy,* 55 Vt. 547, 548-549. The variance in respondent's name as here shown is not fatal.

*The dismissal of respondent's petition by the court below is affirmed.*