UNITED STATES of America ex rel. Robert DAVIS, Appellant,

v.

James F. MARONEY, Superintendent State Correctional Institution Pittsburgh, Pennsylvania, Appellee.

No. 16606.

United States Court of Appeals Third Circuit.

Argued Jan. 18, 1968.

Decided Sept. 9, 1968.

---

Robert D. Repasky, Neighborhood Legal Service Assn., Pittsburgh, Pa., for appellant.

Edwin J. Martin, Asst. Dist. Atty. of Allegheny County, Pittsburgh, Pa. Robert W. Duggan, Dist. Atty., of Allegheny County, Pittsburgh, Pa., on the brief, for appellee.

Before HASTIE, Chief Judge, GANEY, Circuit Judge, and WEINER, District Judge.

## OPINION OF THE COURT

### PER CURIAM.

Petitioner sought a Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania. The request for relief in the Federal Court resulted after denial of application for habeas corpus relief in the State courts without hearing.

The Order of the State trial court was affirmed by the Superior Court of Pennsylvania on the Opinion reported as Commonwealth ex rel. Davis v. Maroney, 206 Pa.Super. 68, 210 A.2d 920, 924 (1965), filed June 17, 1965. The decision of the Superior Court of Pennsylvania discussed each of the issues presented in the State appellate proceeding. Six matters were set forth to support the contention of ineffective trial representation by counsel. The remaining issues concerned improper joinder of indictments for trial and improper instructions to the jury.

Allowance of appeal to the Supreme Court of Pennsylvania was denied on July 26, 1965. A petition for a writ of certiorari was denied by the Supreme Court of the United States after answer by respondent. District Judge Louis Rosenberg denied the writ of habeas corpus for the reasons set forth in his written Opinion which accompanied his Order dated January 27, 1967.

It should also be noted that, after the application for Federal habeas corpus, further collateral proceedings were initiated in the State trial court under the Post-Conviction Hearing Act. This statutory procedure became effective in Pennsylvania after the original State habeas corpus petition. (Act 554, January, 1966), 19 P.S. §§ 1180–1-1180–14; and petitioner has not exhausted his remedies thereunder.

The Pennsylvania Post Conviction Act is extremely broad and it will permit consideration of such serious matters as have been raised by the petitioner in regard to the adequacy of counsel and such other points which could have been raised originally by appeal. It will allow the State courts to consider those matters which have been previously submitted in the habeas corpus proceedings as well as the length of the sentence which in this case was 40 to 80 years.

The judgment of the district court will be affirmed for the reason that the petitioner has not exhausted his state remedy.