UNITED STATES of America ex rel.
Michael F. GEORGE, Jr.,
Petitioner,

v.

Raymond W. ANDERSON, Warden, New
Castle Correctional Institution,
Respondent.

No. 95.

United States District Court
D. Delaware.

Dec. 6, 1968.

Michael F. George, Jr., pro se.

## OPINION AND JUDGMENT

LATCHUM, District Judge.

This case is before the Court upon a petition for a writ of habeas corpus filed by Michael F. George, Jr., a state prisoner, pursuant to the provisions of 28 U.S.C. § 2254. The petition was filed *in forma pauperis*.

On March 10, 1967, petitioner was sentenced in the Superior Court of the State of Delaware in and for New Castle County to eight years imprisonment upon conviction by a jury on a robbery charge. He is now imprisoned in the New Castle Correctional Institution in respondent's custody pursuant to that sentence.

Petitioner alleges four federal constitutional violations as grounds for his petition. First, while admitting that he was at all times represented by Court-appointed counsel in the state court proceedings, he now claims that he was denied *effective* legal counsel.[1] Secondly, he asserts that he was refused copies of orders, opinions and trial transcripts which were needed to enable him to appeal his conviction. Thirdly, he alleges that he was denied the equal protection of the law because one of his co-defendants was not tried jointly with him while his motion for a severance from another co-defendant was denied.[2] Fourthly, he contends that he was denied due process because the prosecutor, knowing that a former co-defendant falsely testified in denying his own com-

---

1. This contention is apparently based on the allegations (1) that at his arraignment, trial and appeal he was represented by three different attorneys, (2) that his trial attorney was appointed over his objection and was forced to proceed to trial without proper preparation, and (3) that his trial counsel refused to object to allegedly improper cross-examination of petitioner when on the stand regarding

his knowledge of another recently convicted person unconnected with his case thereby implying his guilt by association.

2. While the Delaware Supreme Court passed on this question, it did so only with respect to Crim.Rule 14, Del.C.Ann. and not from a federal constitutional viewpoint as now asserted. O'Neal v. State of Delaware, 247 A.2d 247 (Del. 1968).

plicity in the robbery, sought and obtained the petitioner's conviction by use of the former co-defendant's testimony.[3]

28 U.S.C. § 2254(b) provides that an application for a writ of habeas corpus shall be denied to a state prisoner unless it appears that he has first exhausted available state court remedies. Thus the threshold question is whether the state has provided an adequate remedy to the petitioner and whether that remedy has been exhausted.

Delaware Superior Court Criminal Rule 35 provides in part as follows:

> "A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of * * * the United States * * * may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same."

The Delaware Supreme Court has held that Rule 35 provides an adequate post-conviction remedy to those who may be imprisoned in violation of federal constitutional rights. Jones v. Anderson, 4 Storey 587, 54 Del. 587, 183 A.2d 177 (1962). That Court also stated in Curran v. Woolley, 9 Terry 382, 48 Del. 382, 104 A.2d 771, 774 (1954):

> "Under this rule [35], any prisoner who claims to have been imprisoned in violation of his federal constitutional rights may, by motion, at any time move to vacate, set aside or correct his sentence, and if after the motion is heard upon its merits it is determined that the sentence was illegal, complete justice to the prisoner may be done by vacating and setting aside the conviction, correcting the sentence, discharging or resentencing the prisoner, or granting a new trial, as to the Court may appear appropriate under the circumstances."

Moreover, Rule 10A of the Delaware Supreme Court provides that an indigent defendant, if he requests it, shall be furnished without charge with a copy of the transcript of testimony, if it appears that the ground of his appeal requires a review of the evidence. Such requests are to be initially made to the trial judge whose denial of the request is reviewable by a Supreme Court Justice. The same rights and procedure likewise apply to appeals from denial of petitions for writs of habeas corpus or post-conviction remedies under Rule 35.

■ Thus, it is clear that there is a state post-conviction remedy which is readily available to the petitioner for a determination, after hearing, of the merits of the alleged denial of his federal constitutional rights. Yet, the present petition and an examination of the state trial court record reveal that the petitioner has neither *sought* nor received "a full and fair evidentiary hearing in the state court, either at the time of trial or in any collateral proceeding", of the alleged constitutional violations as required by Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Under these circumstances, the court finds that the petitioner has not exhausted his available state remedies as required by 28 U.S.C. § 2254 (b). Jackson v. Denno, 378 U.S. 368, 393, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Furthermore, it is well settled that where a state has a post-conviction statute adequately providing for consideration of petitions alleging denial of federal constitutional rights and where the facts are in dispute, the state courts should be first afforded an opportunity to hold a full and fair evidentiary hearing to determine the material facts with respect to the alleged denials before a federal court acts in the matter.[4] Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486,

---

3. The Delaware Supreme Court also discussed this point but the record is not clear whether the trial court after a full hearing had developed the relevant facts. O'Neal v. State of Delaware, supra.

4. After all, the State has the primary responsibility for the administration of their criminal laws consistent with the Fourteenth Amendment. Case v. Nebraska, supra (Brennan J.).

14 L.Ed.2d 422 (1965); United States ex rel. Davis v. Maroney, 400 F.2d 85 (C.A. 3, 1968).

There is no probable cause for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849 (C.A.3, 1968).

## JUDGMENT

Therefore, finding that the petitioner has not exhausted the state post-conviction remedies available to him and finding that the state courts should be given an opportunity to first resolve the disputed factual issues in an evidentiary hearing, it is ordered and adjudged (a) that the petition for habeas corpus be dismissed and the writ denied and (b) that a certified copy of this opinion and judgment be sent by the Clerk to the petitioner and respondent.