**UNITED STATES of America ex rel. Charles CRAWFORD, Petitioner,**

v.

**Raymond W. ANDERSON, Warden, New Castle Correctional Institution, Respondent.**

No. 101.

United States District Court
D. Delaware.

Feb. 28, 1969.

Charles Crawford, pro se.

## OPINION AND JUDGMENT

LATCHUM, District Judge.

Charles Crawford, a state prisoner, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Leave was granted to file *in forma pauperis*.

On February 9, 1968, petitioner was sentenced by the Superior Court of the State of Delaware in and for New Castle County upon conviction by a jury on a robbery charge. He is now imprisoned in the New Castle Correctional Institution in respondent's custody pursuant to that sentence. An appeal was taken from the conviction to the Supreme Court of Delaware which affirmed the judgment below. Crawford v. State, 245 A.2d 791 (Del.1968).

Three grounds are alleged as the basis of his present petition. First, he claims that he was denied a separate trial from his co-defendant, Hudson D. Walker. Secondly, he asserts that he was denied the right to counsel when he was placed in a line-up with another man for purposes of identification. Finally, he says that, after being arrested in Salem, Massachusetts and returned to Delaware, he was denied a prompt hearing before the nearest available committing

1

magistrate and instead was taken to a police station for further investigation and identification.

Under 28 U.S.C. § 2254(a), this Court is permitted to entertain applications for writs of habeas corpus on behalf of state prisoners *only* on the ground that the petitioner is in the state's custody in violation of the Constitution, laws or treaties of the United States. While I have some doubt that all of the grounds asserted in the present petition are sufficient to confer jurisdiction upon this court under § 2254(a), I need not decide that issue now because I am of the opinion that other reasons exist for denying the petition.

28 U.S.C. § 2254(b) provides that an application for a writ of habeas corpus shall be denied to a state prisoner unless it appears that he has first exhausted available state court remedies. Delaware Superior Court (Crim.) Rule 35, Del.C.Ann., provides an adequate post-conviction remedy to those who may be imprisoned in violation of the Constitution and laws of the United States. Jones v. Anderson, 4 Storey 587, 183 A. 2d 177, 179 (1962); Curran v. Woolley, 9 Terry 382, 104 A.2d 771, 774 (1954).

It is clear that a state post-conviction remedy is readily available to the petitioner for a determination, after a hearing, of the merits of his claims.

Yet, on its face the present petition shows that the petitioner has not sought to utilize the state post-conviction remedy following his trial, conviction and appeal to the Delaware Supreme Court and it does not appear that such an application would be futile.[1] Furthermore, where a state has an available post-conviction remedy adequately providing for consideration of petitions alleging denial of federal rights and where the facts may be in dispute or in need of development the state courts should first be given the opportunity to hold a full and fair evidentiary hearing to determine the material facts with respect to the alleged denials before a federal court acts in the matter. Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965); United States ex rel. Davis v. Maroney, 400 F.2d 85 (C.A.3, 1968). In view of this, I find that the petitioner has not exhausted his available state remedies as required by § 2254(b), Jackson v. Denno, 378 U.S. 368, 393, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Nance v. Baker, 400 F.2d 864 (C.A.10, 1968); Omo v. Crouse, 395 F.2d 757 (C.A.10, 1968), and the petition must be dismissed. United States ex rel. George v. Anderson, 293 F.Supp. 807, Habeas Corpus No. 95 (D.Del., 1968).

No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A.3, 1968).

---

1. The petition here asserts that only one of the three claims raised therein has been presented to the state courts, but the Delaware Supreme Court did not decide or even discuss that issue in its opinion on petitioner's appeal from his conviction. Crawford v. State, 245 A.2d 791 (Del.1968). This claim of denial of a prompt presentment before a magistrate is controlled in the Delaware courts by 11 Del.C. § 1911 and the cases decided thereunder which reconcile the statute's permission for a 24 hour delay in presentment with the "without unreasonable delay" language of Rule 5(a), Del.Super. Ct. (Crim.) R. *See* Vorhauer v. State, 212 A.2d 886 (Del.1965); Lasby v. State, 55 Del. 145, 5 Storey 145, 185 A.2d 271 (1962); Wilson v. State, 49 Del. 37, 10 Terry 37, 109 A.2d 381 (1954). "It appears that suspects may automatically be detained 24 hours before delay will be considered violative of reasonably prompt presentment." Note, Title II of the Omnibus Crime Control Act: A Study In Constitutional Conflict, 57 Geo.L.J. 438, 453 n. 98 (1968). The length of delay in presentment in the instant case is not disclosed by the petition and, therefore, it cannot be assumed that requiring petitioner to pursue his state post-conviction remedy as to this particular claim would be an exercise in futility, though it may be unsuccessful. *Compare* Reed v. Beto, 343 F.2d 723, 725 (C.A. 5, 1965), aff'd on other grounds sub nom. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967) *and* James v. Headley, 281 F.Supp. 588, 589 (S.D.Fla., 1968) *with* Boyd v. Oklahoma, 375 F.2d 481, 482 (C.A. 10, 1967).