## State of Vermont v. Burton Ford Dopp

[ 255 A.2d 190 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Daley C. Supr. J.

Opinion Filed May 5, 1969

*James M. Jeffords,* Attorney General, *Alan W. Cheever,* Assistant Attorney General and *Philip A. Angell, Jr.,* State's Attorney, for the State.

*Harvey B. Otterman, Jr., Esq.,* for the Defendant.

**Keyser, J.** The grand jury of Orange County returned a true bill against the respondent on November 4, 1968, charging him with the crime of manslaughter. Trial was set for December 10, 1968. On December 9th the prosecuting attorney filed a motion requesting the court to enter a *nolle prosequi* without prejudice to the rights of the state. On December 10, before the case came on for trial, the prosecution moved and was granted leave without objection to withdraw its motion. Thereupon, the state over the objections of the respondent entered a *nolle prosequi* of the indictment. The state then filed an information containing five counts which included the manslaughter charge. The respondent moved to quash this information which the

court denied. An appeal in that case is treated in a separate opinion, 255 A.2d 186.

The respondent claims the entry of *nolle prosequi* should not have been permitted. The appeal raises the question of the right of the state to enter a *nolle prosequi* of the indictment.

■ At common law, and under the general rule prevailing in the absence of statute, the matter of entering a *nolle prosequi* rests entirely within the discretion of the prosecuting officer, without leave of court, at all stages of a criminal prosecution before the jury are impaneled. *State* v. *Roe,* 12 Vt. 93, 109; 22A, C.J.S. Criminal Law, §457c; 21 Am.Jur.2d, Criminal Law, §514. Compare, *State* v. *Deso,* 110 Vt. 1, 10, 11, 1 A.2d 710, *State* v. *Persons,* 117 Vt. 556, 558, 96 A.2d 818. And up to that time the entry may be made without the consent of the accused. 22A, C.J.S. Criminal Law, §457b.

In the *Roe* case, *supra,* the Court declared: "The right of the government attorney to enter a *nolle prosequi* is suspended when trial commences to the jury. After that, the power is to be exercised only by permission of the court."

In the case at bar, the court granted the state permission to withdraw its written motion in which it asked the court to enter a *nolle prosequi* in the case. Before the court allowed the state to do so, the court asked the respondent if he had "objection to that," and the reply was "none whatever."

■ The respondent claims the state invoked the court's discretion as a result of filing its written motion and that this procedure was a waiver by the state to enter a nol-pros as a matter of right without the approval of the court. This cannot be so for the reason that after withdrawal of the motion by the state the case resumed its *status quo* just as though no motion had been filed. The record does not sustain the respondent's claim of waiver.

■ On the facts shown the prosecutor acted wholly within his lawful and discretionary right in entering a nol-pros and this did not require either leave of the court or consent of the respondent. *State* v. *Roe, supra.*

■ The unqualified dismissal of the indictment by the prosecutor and the discharge of the respondent and his bail by the court constituted a termination of the prosecution under the grand jury

indictment and precludes a reinstatement of the case. *In re Crepeault,* 125 Vt. 360, 361, 215 A.2d 524; 21 Am.Jur.2d, Criminal Law, §513.

It follows that the entry was properly made by the state and ended this case with finality.

*Judgment that there is no error, and that the respondent takes nothing by his appeal.*