UNITED STATES of America ex rel. Lorenzo BELL, Petitioner,

v.

Raymond W. ANDERSON, Warden, Delaware Correctional Center, Respondent.

No. 157.

United States District Court, D. Delaware.

Jan. 26, 1972.

---

Lorenzo Bell, pro se.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

STEEL, District Judge:

Petitioner, proceeding *pro se* and in *forma pauperis*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, et seq. seeking to be released from State custody under a sentence by the Delaware Superior Court. Petitioner alleges a number of grounds why his detention is unlawful. Construing the petition liberally, it may be assumed that petitioner has exhausted his State Court remedies, except in two particulars, as to which the petition affirmatively shows that he has not.

■ The petition discloses that petitioner has never submitted to the Delaware Courts his claim that his detention is illegal because (1) he was held in custody for over 75 hours before he was taken before a magistrate, charged with the crime, and advised of his right to counsel and to bail, and (2) the State failed to prove the currency found in his possession was the same as that taken in the robbery for which apparently he was convicted. The petition alleges that the petitioner brought to his attorney's attention the long delay which occurred before he was taken before a committing magistrate, that his lawyer told him that he (the lawyer) was not a constitutional lawyer, and that he (the petitioner) knew of nothing further that he could do.

Section 2254(b) of Title 28 U.S.C. provides:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

Superior Court Criminal Rule 35(1), Del.C.Ann. appears to provide a post-conviction remedy which petitioner may pursue to raise the two points which he alleges have not been passed upon by the Delaware Courts. See United States ex rel. Crawford v. Anderson, 296 F.Supp. 1 (D.Del.1969), United States ex rel. George v. Anderson, 293 F.Supp. 807 (D.Del.1968). Obviously this Court is barred by section 2254(b) from considering either of these points unless and until petitioner has exhausted his State Court remedies with respect to them.

■ The question remains, however, whether this Court should pass upon the grounds of the petition which are alleged to have been previously submitted to and passed upon by the Delaware Courts unfavorably to petitioner.

In Hughes v. Heinze, 268 F.2d 864 (9th Cir. 1959) the petitioner alleged eight reasons why a writ of habeas corpus should issue. Five had never been passed upon by the State Court under whose judgment petitioner was incarcer-

ated. The District Court considered the three grounds which the State Court had passed upon and finding them to be without merit dismissed the petition. The Court of Appeals affirmed this action without discussing whether the failure of the petitioner to exhaust his State Court remedies on *all* points prevented the District Court (either because of lack of power or as a matter of discretion) from considering the three grounds which the State Court had rejected. By its affirming action, however, the Court of Appeals seemingly approved the District Court having passed upon the three grounds since the petitioner had exhausted his State remedies with respect to them. See also: Durham v. Haynes, 258 F.Supp. 452 (E.D. Mo.1966).

On the other hand the language of the Court in Whippler v. Balkcom, 342 F.2d 388, 391 (5th Cir. 1965) indicates that a Federal Court lacks power to entertain a petition for habeas corpus if *any* ground alleged has not been first submitted to and rejected by the State Court even though *some* grounds alleged in the petition have been. In similar circumstances, Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969) affirmed the dismissal of a petition, holding that the District Court had not abused its discretion "in requiring appellant [petitioner] in this case to exhaust state remedies on all claims; . . . ." before seeking federal relief upon any claim.

The approach of the Fifth Circuit has its appeal. Even if section 2254 is not construed to bar granting a writ when the petitioner has failed to exhaust his State remedies as to *any* ground of the petition, this Court as a matter of discretion should refrain from doing so in the instant case. Whether it would exercise its discretion similarly if the case had proceeded to a hearing need not be decided, for the case in its present posture is at the threshold stage.

The petition for a writ of habeas corpus is dismissed.

So ordered.