James MAYO, a/k/a James Carter,
Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 25, 1983.
Decided: March 14, 1983.

Raymond J. Otlowski, Asst. Public Defender, (Argued), Wilmington, for appellant.

James B. Ropp, Deputy Atty. Gen. (Argued), Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY
and HORSEY, JJ.

PER CURIAM:

Defendant appeals his conviction for delivery of metamphetamine. He contends that the Trial Court committed legal error in denying his motion to dismiss the indictment against him due to its failure to identify him under his proper name.

An undercover Wilmington police officer purchased a small quantity of methamphetamine from a person who identified himself as "Orwell." The officer later picked out "Orwell's" photograph from among several police identification folders of drug suspects known to frequent the area where "Orwell" made his sale. The folder containing his photograph bore the name James O. Mayo. The folder also listed the defendant's given name, James O. Carter, as an alias. An indictment was issued in the name of James O. Mayo and defendant was arrested.

At trial, defendant denied that he was known as James O. Mayo and he produced a social security card, a union card and a driver's license indicating his name was

James O. Carter. But he conceded that Mayo was his father's surname and that he had lived with his father for the past ten years. Police officers testified that "Orwell" was James O. Mayo and that the photograph in the Mayo identification folder was that of Carter. A police expert also testified that the thumbprint on defendant's arrest slip matched the thumbprint on the Mayo folder. Defendant moved to dismiss the indictment at the end of the State's evidence for failing to charge defendant under the name James O. Carter.

■ An indictment, to be considered sufficient, must contain a "plain, concise and definite statement of the essential facts constituting the offense charged." Superior Court Criminal Rule 7(c); *Lasby v. State,* Del.Supr., 185 A.2d 271 (1962); *State v. Riley,* Del.Super., 256 A.2d 273 (1969). The purpose of this requirement is to put a defendant on notice of the charges which he will be called on to defend and to effectively bar subsequent prosecutions for the same offense. *Lasby, supra,* at 272. For these reasons, a substantial misnomer or mistake in either the Christian name or surname of a defendant will, as a general rule, vitiate an indictment and entitle the defendant to dismissal. *State v. Norris,* Del.Ct.Gen.Sess., 71 A.2d 755 (1950); *In re Crepeault,* Vt. Supr., 126 Vt. 544, 236 A.2d 644 (1967); 2 Wharton's Criminal Procedure, § 27, p. 91 (12th ed.1974).

■ An exception to this general rule has been made when the defendant is known by an alias or another name. *State v. Palmer,* Del.Ct.Gen.Sess., 72 A.2d 442 (1950). "Where a person is equally known by either of two names, an indictment . . . charging him by either of such names is sufficient." *In re Crepeault, supra,* at 645; *Romans v. State,* Md.Ct.App., 178 Md. 588, 16 A.2d 642 (1940); 2 Wharton, *supra,* at 93.

The evidence of record was sufficient to establish that defendant was known by his proper name and by the alias James O. Mayo. Therefore, the Trial Judge properly refused to dismiss the indictment. No error of law occurred.

■ The merits aside, defendant waived any objection to a misnomer in the indictment by failing to raise it before trial. *Mumford v. State,* Del.Supr., 144 A.2d 150 (1958). Superior Court Criminal Rule 12(b)(2) provides:

*Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the Court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the Court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the Court at any time during the pendency of the proceeding.

Rule 12(b)(3) further provides:

*Time of Making Motion.* The motion shall be made not later than 5 days after arraignment, but the Court may permit it to be made within a reasonable time thereafter.

A misnomer is not a jurisdictional defect or a failure to charge an offense. Therefore, any motion to dismiss based on misnomer should have been raised not later than 5 days after defendant's arraignment. Defendant's motion, made after the close of the State's evidence, was not timely and constituted a waiver of his objections to the indictment.

\* \* \*

Affirmed.