## State of Vermont v. Daniel Mitchell

[514 A.2d 1047]

No. 84-559

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 27, 1986

*Karen Shingler*, Chittenden County Deputy State's Attorney, and *Jeff Langholtz*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Nicholas L. Hadden*, St. Albans, for Defendant-Appellant.

**Gibson, J.** The issue herein is whether the trial court improperly coerced the State to proceed with its prosecution of defendant by threatening to impose jury costs upon the state's attorney's office or the Winooski Police Department, or both, if the State dismissed the case. We conclude that the judgment of guilty should be affirmed.

Defendant was given a speeding ticket on January 18, 1984, and he elected to have a trial by jury. A jury was drawn on September 17, 1984, and trial was scheduled for October 10, 1984. The State's key witness was not informed of the trial date, however, and the witness failed to appear on the morning of trial. Prior to the swearing in of the jury, the deputy state's attorney indicated to the court that because of the nonappearance of the witness, she was "prepared to dismiss the case," at which time the court asked the deputy if her office or the Winooski Police Department were willing to pay the cost of the jury or share the cost; the court added that it would be willing to accept the dismissal if the state's attorney's office or the Winooski Police Department would take care of the jury cost. The deputy replied that she was unable to make such a commitment and asked the court for a continuance until ten o'clock that same morning, when the witness could be present. The court granted her request over defendant's objection. The deputy thereupon arranged for the witness to come to

court, and the case proceeded to trial, resulting in defendant's conviction.

■ In a trial by jury, the decision on whether to dismiss a case or proceed with the prosecution lies within the absolute discretion of the prosecutor until a jury has been sworn. V.R.Cr.P. 48(a); cf. *State* v. *Dopp,* 127 Vt. 573, 574, 255 A.2d 190, 191 (1969) (same rule applies at common law in absence of statute). Thus, if the deputy had decided to dismiss the case, the court would have had no discretion to reject such action, or to impose terms in connection therewith.

■ The court could itself have dismissed the case, either for lack of prosecution, V.R.Cr.P. 48(b)(1), or on the basis that a dismissal would have "serve[d] the ends of justice and the effective administration of the court's business." V.R.Cr.P. 48(b)(2). Absent an abuse of discretion on the part of the trial court, such a ruling would be upheld on appeal. *State* v. *Snide,* 144 Vt. 436, 440, 479 A.2d 139, 143 (1984). The court decided, however, to continue the case for one hour. The granting of a continuance is a matter that is within the discretion of the court, *State* v. *Bailey,* 144 Vt. 86, 93, 475 A.2d 1045, 1049 (1984), and unless there is an abuse of discretion, the ruling will be upheld on appeal. *State* v. *Foy,* 144 Vt. 109, 115, 475 A.2d 219, 223 (1984). Defendant has failed to show that he was prejudiced by the court's decision, nor can we perceive any prejudice. We are unable to say that the court's decision was an abuse of discretion.

■ With respect to the court's statements regarding the imposition of costs, a court has no power to impose costs in a criminal proceeding except where allowed by statute, *United States ex rel. Phillips* v. *Gaines,* 131 U.S. app. clxix, clxx (1880), or by a prescribed rule of court applicable to "all parties litigant, properly within its jurisdiction, except the sovereign government." *Fairmont Creamery Co.* v. *Minnesota,* 275 U.S. 70, 74-75 (1927). The Vermont Legislature has provided that the costs of prosecution in a criminal proceeding "shall be paid out of the treasury of the state." 13 V.S.A. § 7253. Although the trial court was justifiably concerned about the possible waste of taxpayer's money on jury costs if the State's witness failed to appear, the court had no authority, either through legislation or by court rule, to impose costs other than as provided in the statute.

Defendant contends that the trial court would not have threatened to impose costs had the matter been scheduled for

trial by court and that, since he was treated differently merely because he exercised his right to a jury trial, the court's statements constituted a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendant cites no case law in support of his contention nor does he brief the issue beyond his bare statement of it. There has been no allegation of prejudice by defendant, other than that he had to go to trial and that trial was delayed for approximately one hour; further, there is nothing in the record to indicate that the court would not have delayed the start of trial for one hour if the trial had been by court.

Defendant's briefing of this issue was clearly inadequate. As a general rule, we will not consider inadequately briefed issues on appeal. *State* v. *Taylor,* 145 Vt. 437, 439, 491 A.2d 1034, 1035 (1985). When a constitutional issue is squarely raised and appears to have possible merit, if the briefing is inadequate, we will order a rebriefing or address the issue. *State* v. *Jewett,* 146 Vt. 221, 225, 500 A.2d 233, 236 (1985). Neither the brief nor the record is sufficient to warrant such treatment in this instance.

*Affirmed.*

**Hayes, J.,** dissenting. I respectfully dissent. This case represents an unwarranted interference by the judicial branch with the prosecutor's absolute power to dismiss a criminal charge prior to trial.

On January 18, 1984, defendant was issued a speeding ticket. He elected to have a jury trial and the jury was selected on September 17, 1984. Prior to the swearing of the jury, the State moved to dismiss the case *with prejudice*—something it had an absolute right to do. The trial judge then informed the deputy state's attorney that if she dismissed the case, her office or the Winooski Police Department would have to pay the jury costs.

V.R.Cr.P. 48(a) confers upon the state's attorney the absolute discretion to dismiss a case prior to trial. That rule states:

> The attorney for the state may file a written dismissal of an indictment or information and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

Where, as here, a charge is not dismissed because the trial court coerces prosecution of the case by threatening to impose costs, the attempt of the prosecution to dismiss should be regarded as a constructive dismissal and the subsequent verdict should be set aside.

Nothing in the Vermont Constitution nor in our statutes nor in our common law affords any basis for intrusion by a magistrate upon the prosecutorial prerogative. When a judge sheds his robe and assumes the role of advocate, he gets astride a "very unruly horse" and there is no telling where such an interference with the separation of powers will take us.

Not only did the trial judge exceed his authority by refusing to allow the dismissal, he also exceeded legal bounds in his attempt to require the state's attorney's office to absorb the cost of court proceedings. 13 V.S.A. § 7253 provides in part that "[t]he costs of prosecution for the breach of a penal law or other offense . . . shall be paid out of the treasury of the state."

Had the prosecution been allowed to dismiss the case *with prejudice* as it wanted to do, the defendant would not have been convicted of a speeding ticket violation. To say that defendant suffered no prejudice as a result of the unwarranted invasion of the prosecutor's discretionary power is to jest with justice and mock fundamental fair play.

Any exercise of power by the executive and legislative branches of government which runs afoul of the Constitution is subject to judicial restraint, but the only check upon the excesses of our own branch is our own sense of self-restraint. See *United States* v. *Butler,* 297 U.S. 1, 78-79 (1936) (Stone, J., dissenting).

This case, like every other case dealing with the separation of powers,

> will become the parent stock from which a motley progeny will spring. In those after years when this case, elevated to high authority by the cold finality of the printed page, is quoted with the customary "It has been said," perchance another Court will say, "Mayhaps the Potter's hand trembled at the wheel." Possibly when that moment comes these words may give that Court a chance to say, "Yea, and a workman standing hard by saw the vase as it cracked."

*Oliver* v. *City of Raleigh,* 212 N.C. 465, 471, 193 S.E. 853, 857 (1937) (Clarkson, J., dissenting).

I would vacate the conviction of the defendant and dismiss the cause.