IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY GORDON, | § | |
| | § | No. 409, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1109011777 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 18, 2022
Decided: May 10, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Anthony Gordon, filed this appeal from the Superior Court's denial of his motion to dismiss the indictment. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Gordon's opening brief that his appeal is without merit. We agree and affirm.

(2)    In January 2013, a Superior Court jury found Gordon guilty of two counts of second-degree rape and one count of fourth-degree rape. The victim, who was under the age of sixteen at the time of the crimes, was the child of Gordon's girlfriend. The Superior Court sentenced Gordon to thirty-five years of Level V

incarceration suspended after twenty-one years for decreasing levels of supervision. This Court affirmed Gordon's convictions on direct appeal.[1] In 2017, this Court affirmed the Superior Court's denial of Gordon's first motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(3) Beginning in February 2019, Gordon filed writs and motions arguing, among other things, that the indictment failed to include sufficient details. The Superior Court denied the motions. In July 2020, Gordon filed a petition for a writ of prohibition or, in the alternative, a writ of habeas corpus in this Court. He argued that the Superior Court lacked jurisdiction over him because the indictment failed to allege that the victim was under the age of sixteen at the time of the offenses.[3] This Court dismissed the petition, holding that Gordon could have raised his claims on direct appeal or in a Rule 61 motion, but failed to do so, and had not shown that the absence of the victim's age in the indictment deprived the Superior Court of jurisdiction.[4]

(4) On November 10, 2020, Gordon filed a motion to dismiss Counts I, II, and III of the indictment in the Superior Court.[5] Gordon argued that these counts failed to plead specific facts and essential elements of second-degree rape. The

---

[1] *Gordon v. State*, 2013 WL 6569705 (Del. Dec. 11, 2013).
[2] *Gordon v. State*, 2017 WL 4857111 (Del. Oct. 25, 2017).
[3] *In re Gordon*, 2020 WL 5883444, at *1 (Del. Oct. 2, 2020).
[4] *Id.*
[5] The State dismissed Count III before trial.

Superior Court denied the motion and the subsequent motion for reargument. On July 26, 2021, this Court dismissed Gordon's untimely appeal of the Superior Court orders.[6]

(5) On September 15, 2021, Gordon filed another motion to dismiss Counts I, II, and III of the indictment. He again argued that the second-degree rape counts failed to include the essential element of the victim's age. The Superior Court denied the motion. This appeal followed.

(6) In his opening brief, Gordon argues as he did below that the indictment omitted the essential element of the victim's age. He also argues that the Superior Court judge made objectionable comments during trial, misstated the law in the jury instructions, and erred in denying his motion for correction of illegal sentence. Gordon did not raise these claims below so we do not consider them on appeal.[7]

(7) As the Superior Court recognized, Rule 12(b)(2) requires defenses and objections based on defects in the indictment (except for failure to show jurisdiction or charge an offense which may be brought any time during the pendency of proceedings) to be raised before trial. Gordon did not file a pretrial motion to dismiss the indictment. To the extent Gordon argues that the proceedings are still pending and that the indictment fails to charge an offense, he is mistaken. Under 11 *Del. C.*

---

[6] *Gordon v. State*, 2021 WL 3160868 (Del. July 26, 2021).
[7] Supr. Ct. R. 8.

§ 772(a)(1), a person is guilty of second-degree rape when they intentionally engage "in sexual intercourse with another person, and the intercourse occurs without the victim's consent." A victim under the age of sixteen is deemed unable to consent to a sexual act with a person more than four years older.[8]

(8) The second-degree rape counts in the indictment alleged that, between July 1, 2009 and July 30, 2010, Gordon intentionally engaged in sexual intercourse with the victim without her consent. During that time, the victim was under sixteen and Gordon was decades older than her. The second-degree rape counts satisfied Rule 7(c) (which requires a plain written statement of the essential facts constituting the offense charged), put Gordon on notice of the charges against him, and precluded subsequent prosecution for the same offense.[9] The Superior Court did not err in denying Gordon's motion to dismiss.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[8] 11 *Del. C.* § 761(l) (subsection k at the time of Gordon's offenses).
[9] *Mayo v. State*, 458 A.2d 26, 27 (Del. 1983) (describing the requirements of an indictment and the purpose of those requirements).

4