## Robert Melik Finkle v. Town of Rochester

[438 A.2d 390]

No. 357-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*Peter J. Riley,* and *Robert M. Finkle,* pro se, Rochester.

*Kelley & Meub, Ltd.,* Middlebury, for Defendant.

**Per Curiam.** Robert Melik Finkle appeals the decision of the Vermont State Board of Appraisers, who heard his tax appeal in absentia and affirmed the 1979 appraisal of his real estate by the Board of Listers and the Board of Civil Authority of the Town of Rochester. He contends that the Board of Appraisers abused its discretion in notifying him that his case would be continued until his return from an architectural study tour in Europe, and then setting his case for hearing while he was out of the country. We agree and therefore remand for a new hearing.

The Board originally set the appeal for hearing on November 1, 1979, at 10 a.m., and then, for reasons of its own, rescheduled it for November 1, 1979, at 11 a.m., and then again rescheduled for November 6, 1979, at 2 p.m. Finally, by letter dated October 31, 1979, the Chairman of the Board granted the taxpayer an indefinite postponement:

> This is to inform you that the appeal of Robert Melik Finkle from the action of the Board of Listers and Board of Civil Authority of the Town of Rochester with respect to the appraisal of the appellant's property for the 1979 grand list which was previously set for November 6, 1979 at 2:00 P.M. has been postponed. Mr. Finkle is in Europe and will notify me upon his return in order to reschedule the hearing for a future date.

Thereafter, the Board of Appraisers did an about-face and sent letters to Finkle's home in Rochester on December 16, 1979, and January 8, 1980, notifying him that his appeal would be heard February 7, 1980. The letters were forwarded to his mother in New York. She informed the Board Chairman that Finkle was still in Europe and would not be back in Vermont until May, 1980, and that he would contact the Chairman upon his return. Rather than wait, the Board rescheduled the hearing for April 1. Another flurry of letters produced another postponement. Knowing that Finkle would not return until May, the Board set the matter for hearing on April 25, 1980. Notice was sent to his Rochester address. The letter bore the admonition:

> *Please note that the matter will not be continued again.* If you are unable to attend in person you should have a representative, appraiser, attorney or agent appear on your behalf. Failure to appear on the date set forth above will result in a dismissal of your appeal for the 1979 tax year.

Again the letter was forwarded to Finkle's mother in New York. Again she notified the Chairman that her son was in Europe and would contact the Chairman upon his return in May. She also reminded the Chairman that he had agreed by his letter of October 31, 1979, to continue the hearing until Finkle's return. Her protests were unavailing; the Board met

and heard the appeal on April 25, without representation for Finkle.

The Board's explanation for setting the hearing is that "The Board is required by the Division of Property Valuation and Review to complete all hearings prior to April 1, 1980." The Board's position on this point is clearly untenable in face of the fact that it set the hearing for April 25, 1980. In oral argument the attorney for the Town of Rochester maintained that Finkle was not hurt by his absence because the Board had all of his arguments before it in the written submissions he had presented at the hearings before the Board of Listers and the Board of Civil Authority. Yet the Board of Appraisers, in its Findings, based its decision against Finkle on the sworn testimony of the listers only.

Conducting the hearing while the taxpayer was out of the country seriously prejudiced him. He had no opportunity to obtain counsel to represent him, no opportunity to offer the documentary evidence he felt would support his position, and, of course, no opportunity to testify in person. Knowledge that the Board would later modify its initial decision to await his return would have given Finkle the opportunity to find a representative before leaving or delay his trip.

■ ■ A decision to grant or deny a continuance is a discretionary matter and will not be disturbed unless there is shown an abuse of discretion which causes prejudice. *Vermont Board of Health* v. *Town of Waterbury*, 129 Vt. 168, 173, 274 A.2d 495, 499 (1970). The Board of Appraisers' decision to proceed with the appeal hearing in the taxpayer's absence represented an abuse of discretion because it was for a clearly untenable reason. *vanLoon* v. *vanLoon*, 132 Vt. 236, 238, 315 A.2d 866, 867 (1974). The taxpayer has demonstrated that he was prejudiced when the Board heard his appeal without his participation.

*The decision of the Vermont State Board of Appraisers is vacated, and the case is remanded for a new hearing.*