COBB, Judge.
M.J.B., a juvenile, was charged with petit theft, and the trial date was set for June 7, 1990. At the time of trial (before jeopardy attached) the state moved for a continuance, the motion was denied, and the state announced a nol pros. At that point, defense counsel asserted that the nol pros was a “sleazy tactic” and that the case should be dismissed by the court due to the state’s “failure to present evidence of delinquency.” The state attorney argued that, since the case was nol prossed, it was no longer before the court for further action. Nevertheless, the trial court expressed its agreement with defense counsel and dismissed the case.
The state refiled the petition and M.J.B. moved to dismiss alleging former jeopardy. The trial court dismissed and the state appeals. We reverse.
The trial court erred in refusing to accept the state’s nol pros. The decision to file a nolle prosequi is within the sole discretion of the state. It may be filed at any time prior to the swearing of the jury or presentation of the evidence. Since the decision to nol pros is within the state’s discretion, permission of the trial court is not necessary. See State v. Padron, 506 So.2d 462 (Fla. 2d DCA 1987); State v. Kahmke, 468 So.2d 284 (Fla. 1st DCA 1985).
Padrón and Kahmke are factually similar to the case in question. In Padrón, the state’s motion for a continuance was denied. The state nol prossed and the defendant moved for a dismissal. After the trial court discerned that the state intended to nol pros and refile, it entered an order of *967 dismissal and discharged the defendant from further prosecution. In Kahmke, the state nol prossed after its motion for continuance was denied and a defense motion to exclude testimony was granted. Three days later, the state refiled. The trial court granted the defense motion to dismiss, which argued that the state had in effect granted itself a continuance. In each case, the district court held that the trial court had abused its discretion by restricting the state’s right to nol pros. See State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989) (since dismissal is a very harsh penalty to impose on the state, the trial court erred in dismissing the case after denying the state’s motion for continuance when the state could have entered a nolle prosequi and refiled or proceeded to trial without unavailable witnesses).
In the instant case, the trial court did not have the right to refuse to accept the state’s nol pros. The state did not need the court’s permission to file the nolle pro-sequi. Even though the practice of entering a nol pros and refiling the petition after a continuance has been denied may seem underhanded, the state has the discretion to act in this manner.[1] The trial court abused its discretion by not allowing the state to nol pros and then dismissing the case. Since jeopardy had not attached at the time of the nol pros, the motion to dismiss based on former jeopardy should have been denied.
REVERSED AND REMANDED FOR TRIAL.
DIAMANTIS, J., concurs.
DAUKSCH, J., concurs specially with opinion.

. We note that there was no showing before the trial court of any other alleged misconduct by the prosecution which would warrant dismissal.