## State of Vermont v. Joanne M. Jones

[601 A.2d 502]

No. 90-393

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 6, 1991

*Peter R. Neary*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellant.

*Matt Harnett* of *Lorentz, Lorentz & Harnett*, Rutland, for Defendant-Appellee.

**Dooley, J.** Defendant, Joanne Jones, was charged with selling one-eighth ounce of cocaine to an undercover informant. The State moved for a continuance when the case was called to trial. After the court denied the continuance, the State dismissed the case. On motion of defendant, the court ruled that the dismissal was with prejudice so that the State could not refile. The State appeals that order. We affirm.

Defendant was arraigned on July 31, 1989. A number of issues had to be resolved prior to trial. The most significant surrounded the use of an informant who was wired with a transmitter when the drug purchase occurred in defendant's home. The court denied defendant's motions to suppress on May 25, 1990. On June 4th, the court set the case for calendar call on June 26th with jury drawing and trial to commence the following day. At an off-the-record conference held on June 26th, the State orally requested a continuance because a police officer witness was on annual leave.

The trial court questioned the need for the witness. The officer had been on the scene when the informant returned from the drug purchase, had taken the cocaine from the informant, and was directly involved in defendant's arrest. At least one other officer had been present, however, at the time of the absent witness officer's activities. The State agreed to review whether the trial could go on without him, but again requested a continuance on the next day at 1:00 p.m. After hearing the State's request, the court stated that it understood that "other witnesses . . . can testify to what this guy can testify to" and denied the continuance. The court also denied a motion to amend the information to charge defendant with aiding and abetting the commission of the crime, concluding that it changed the theory of the case and came too late to allow defendant to prepare. The deputy state's attorney then stated:

In light of that, Judge, and in light of the fact that the State feels it needs Officer Pockette, the State at this time is filing a dismissal without prejudice and is going to reinstitute the charge with a citation for July 23d, 1990.

He then filed with the court a dismissal of the prosecution, indicating it was a dismissal "WITHOUT PREJUDICE" and reciting the reason for the dismissal as the unavailability of the officer. Defendant promptly moved for a dismissal with prejudice, but the court indicated that it didn't have the right to do that. As defendant left the courtroom, an officer served her with a citation to appear on July 23, 1990. The officer who cited defendant had been alerted at 11:00 a.m. by the deputy state's attorney to be present for that purpose.

Later that day, defendant moved in writing for dismissal of the prosecution "prior to her arraignment on July 23, 1990." Defendant argued that her right to a speedy trial was being violated and that dismissal would serve the interest of justice. The court heard the motion on June 28, 1990. On July 18, 1990, the court issued findings and conclusions dismissing the case under V.R.Cr.P. 48(b). It concluded that defendant's speedy trial rights were not violated but that dismissal with prejudice would "serve the ends of justice" and ensure "the effective administration of the court's business" because the State's actions were entirely motivated to obtain a continuance to which it was not entitled.

Before reaching the State's specific claims of error, it is instructive to examine the rules under which the court and the parties operated. In dismissing the information, the State was exercising its right under V.R.Cr.P. 48(a) to nolle prosequi (nol pros) a case prior to trial. When the attorney for the State dismisses an information in writing, "the prosecution shall thereupon terminate." *Id.*

The court acted under V.R.Cr.P. 48(b)(2) and 50(c). Rule 48(b)(2) authorizes the court to dismiss a case if it "concludes that such dismissal will serve the ends of justice and the effective administration of the court's business." Under a 1989 amendment to this rule, the dismissal is without prejudice unless, as occurred in this case, the court specifies that the dismissal is with prejudice.

■ Continuances are governed by V.R.Cr.P. 50. Rule 50(b) requires that a motion for a continuance be filed two days before calendar call. If based on absence of a witness, Rule 50(c) requires that the motion be accompanied by an affidavit showing "the substance of the testimony which he is expected to give, and the grounds for such expectation; and the measures taken to procure his attendance or deposition, to the end that the court may judge whether due diligence has been used for that purpose." Although the State did not comply with Rule 50(c)(1) by filing an affidavit, the court did not rely on this violation and obtained much of the needed information from representations of the deputy state's attorney.* The main reason that the court denied the continuance was that the State "failed to establish that [the officer] . . . was a necessary witness."

The State's two claims on appeal are that (1) the State's dismissal of the information under V.R.Cr.P. 48(a) deprived the court of jurisdiction to enter an order under Rule 48(b) dismissing the case with prejudice, and (2) the court could not dismiss the case with prejudice without forewarning the deputy state's attorney that such an action could result from the failure of the State to proceed to trial. The State's first claim is based on Rule 48(a), which states that when dismissed by the State, the "prosecution shall thereupon terminate." In the State's view, its dismissal of the case removed it from the court's consideration, ending the court's jurisdiction for further action. See *State ex rel. Griffin v. Smith*, 363 Mo. 1235, 1241, 258 S.W.2d 590, 595 (1953) (after a nol pros, court has "lost jurisdiction of the criminal case"); *State v. Pond*, 133 N.H. 738, 741, 584 A.2d 770, 772 (1990) (nol pros removes case from court's consideration).

■■ We think that the State's position is overly simplistic and rigid. We agree that the State's decision to dismiss the case is entirely unilateral, and the trial court had no power to reject the dismissal or impose terms on it. See *State v. Mitchell*, 147

---

* The State argued that the failure of the court generally to enforce the affidavit requirement prevented its enforcement in this case. We disagree. While the trial court may often rely on representations of counsel in situations where there is no challenge to the factual assertions, it retains the right to insist on compliance with the affidavit requirement to resolve bona fide contests. We are unwilling to read this protection for defendants out of the rule.

Vt. 218, 220, 514 A.2d 1047, 1048–49 (1986). The issue here, however, is not whether the case is dismissed but rather the consequence of the dismissal. The rule does not state that consequence. While a nol pros does not ordinarily operate as an acquittal or bar further prosecution of the offense, *State v. Forbes*, 147 Vt. 612, 616, 523 A.2d 1232, 1235 (1987), we have emphasized that we do "not in any way condone" the use of a nol pros as a device to delay a trial. *State v. Cabrera*, 127 Vt. 193, 196, 243 A.2d 784, 787 (1968). It is consistent with the wording of the rule and the nol pros power of prosecutors to hold that the court's power to dismiss with prejudice extends also to cases dismissed by the State.

We believe that the rule the State seeks would lead to a race to take action, as this case demonstrates. Immediately after the court denied the State's request for a continuance, the deputy state's attorney removed from his file a written dismissal and filed it with the court. In effect, the State gave itself the continuance the court had just refused. See *State v. Wells*, 443 A.2d 60, 64 (Me. 1982). Because of the State's precipitous action, the court was never able to consider what sanctions were appropriate if the State did not go forward. The court was wholly deprived of the ability to manage its docket.

We are unwilling to encourage this behavior by the State. The better procedure is for the State to insist on its need to have its witness and for the court to fashion a sanction appropriate to the circumstances. Only rarely would a sanction of final termination of the case be appropriate. See *id.* Under the rule proposed by the State, the choice is between no sanction and dismissal, when neither is appropriate.

Nor do we believe that the answer lies in allowing a sanction in the refiled case, rather than in the case dismissed by the prosecutor. Defendant then would continue to face the anxiety and other impacts of an unresolved criminal charge as if there were no dismissal. See *United States v. Furey*, 514 F.2d 1098, 1106 (2d Cir. 1975) (noting a defendant may suffer more from dismissal and refiling than from one continuing prosecution). Important pretrial issues, like the motions to suppress in this case, should have to be resolved anew based on another evidentiary hearing. Even if the delay were justified as a general rule, there is no justification in this case. Defendant had already been

cited to appear in a second proceeding to answer the criminal charges when the court acted under Rule 48(b)(2). The citation involved "a finding by a law enforcement officer that there is probable cause to believe [defendant] has committed a crime and . . . commencement of a criminal proceeding based on that finding." *Caledonian-Record Pub. Co. v. Walton*, 154 Vt. 15, 26, 573 A.2d 296, 302 (1990). In effect, the trial court, in terminating the first proceeding with prejudice, acted to dismiss the refiled case.

We have reviewed the decisions from other jurisdictions with rules similar to V.R.Cr.P. 48. Two states have addressed the issue presented here. In *State v. Braden*, 375 So. 2d 49, 50 (Fla. Dist. Ct. App. 1979), the Florida Court of Appeals, Second District, held that a dismissal with prejudice following a nol pros is not effective because "everything which occurs in a proceeding subsequent to the filing of a nolle prosse by the state is a nullity." *Braden* has been followed by other Florida district courts of appeal. See, e.g., *State v. Kahmke*, 468 So. 2d 284, 285–86 (Fla. Dist. Ct. App. 1985); *State v. M.J.B.*, 576 So. 2d 966, 967 (Fla. Dist. Ct. App. 1991). The Florida cases also prevent the imposition of sanctions in the refiled case. See *State v. Kahmke*, 468 So. 2d at 285–86. Although the practice "may seem underhanded," *State v. M.J.B.*, 576 So. 2d at 967, the State has an absolute right to give itself a continuance in Florida.

The New Mexico Court of Appeals, contrarily, has taken a position similar to that adopted in this case. In *State v. Ericksen*, 94 N.M. 128, 607 P.2d 666 (Ct. App. 1980), the State nol prossed a case to avoid having motions heard by a particular judge. After giving the State a renewed opportunity to go forward with the motions, the judge dismissed the case with prejudice. The New Mexico Court of Appeals affirmed:

> We look past the *form* of the district attorney's usual right to file a *nolle prosequi* in any given case upon good cause and honest motives, and focus instead upon the *substance* of such conduct when he not only fails to demonstrate good faith but leaves no other impression than that he has deliberately engaged in game-playing with the rules, and has misused his discretionary powers to achieve a barred result. A trial judge acts well within his duties to assure that "the most effective use be made of the court's resources" to

"supervise *and control* the movement of all cases on its docket from the time of filing through final disposition," and to apply sanctions when reasonable efforts to manage the court's caseload have failed. . . . Especially are these duties served when lawyers scheme to disregard their corresponding responsibility to "avoid unwarranted delays or excuses." . . . Expediting the flow of cases through the courts, which includes taking appropriate action when prosecutors engage in sham procedures, is a peculiarly judicial function.

*Id.* at 130–31, 607 P.2d at 668–69 (citations omitted; emphasis in original). The court rejected the argument that it had no authority to act once the prosecutor dismissed the case. *Id.*

The New Mexico policy better fits our circumstances. We have stated that we will not allow use of nol pros as a device to delay a trial. *State v. Cabrera*, 127 Vt. at 196, 243 A.2d at 787. Our continuance rule leaves control of docket management with the courts. If we adopted the Florida rule, as the State urges, we would abandon that control to the State.

The State next argues that the court's action is invalid because the court failed to forewarn it that failure to go to trial would result in dismissal with prejudice. This argument is based on decisions interpreting Fed. R. Crim. P. 48(b), similar to ours. See, e.g., *United States v. Loud Hawk*, 628 F.2d 1139, 1150 (9th Cir. 1979). Under federal law, trial courts may exercise discretion to dismiss with prejudice under Rule 48(b) "with caution and only after a forewarning to the prosecution that dismissal with prejudice will result from a failure to proceed to trial." *Id.* A number of states with similar rules have adopted the federal holdings. See *State v. Lopez*, 99 N.M. 385, 388, 658 P.2d 460, 463 (Ct. App. 1983); *State v. Benn*, 713 S.W.2d 308, 310 (Tenn. 1986).

■ We agree that the sanction of dismissal with prejudice should be used only "sparingly," *State v. Wells*, 443 A.2d at 64, and ordinarily should follow a forewarning. The forewarning requirement has been applied in cases where the prosecution does not go forward and present its case after it has been denied a continuance. See *State v. Lopez*, 99 N.M. at 390, 658 P.2d at 462. It ensures that the prosecution is able to choose between

going to trial and taking the sanction of dismissal with prejudice.

 No such choice was available in this case. The State acted precipitously to dismiss the case before the court could consider the effect of its denial of a continuance. The court had no opportunity to consider appropriate sanctions or forewarn the State of the possible impact before the State dismissed the case. Moreover, although defendant immediately filed a motion to dismiss with prejudice, which the court heard the day after trial was to commence, the State never suggested that it was prepared to go to trial to avoid dismissal or that some other sanction should be imposed. It never raised the forewarning issue until it filed its brief in this Court. See *State v. Hugo*, 156 Vt. 339, 348 n.5, 592 A.2d 875, 881 n.5 (1991) (objection on one ground does not preserve a claim for appeal on a new ground). In view of the State's position, that it had an absolute right to dismiss the case without prejudice and start anew, it is difficult to see what forewarning would have accomplished.

*Affirmed.*