*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-026

AUGUST TERM, 2011

| | |
|---|---|
| Frederick Bashara and Mary Bashara | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Washington Unit, |
| | } Civil Division |
| | } |
| John Caton and Gloria Caton | } DOCKET NO. 764-10-09 Wncv |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Defendants appeal the trial court's judgment in favor of plaintiffs ordering defendants to remove property from plaintiffs' land. The court granted default judgment for plaintiffs after defendants had failed to comply with discovery requests and deadlines. Defendants allege several claims of error regarding the court's scheduling of hearings and denials of motions to continue. Plaintiffs cross-appeal, arguing that the court erred in denying them an opportunity to prove monetary damages. We affirm the default judgment, and remand for consideration of plaintiffs' request for damages.

Plaintiffs filed suit in October 2009, and alleged the following facts. Defendants own a parcel of land neighboring a vacant lot owned by plaintiffs. After defendants began encroaching on plaintiffs' vacant lot, the parties entered into a licensing agreement in July 2008 that permitted the encroachment in exchange for a fee to be paid twice a year. This agreement and a survey of the property were attached to the complaint. In August 2009, defendants did not pay the fee and refused to remove their property from plaintiff's lot. In response, plaintiffs filed suit seeking injunctive relief and damages. Plaintiffs also requested a writ of attachment. Following a court order granting defendants' motion to extend time for filing their answer, defendants answered in December 2009. In their answer, defendants denied encroaching on plaintiffs' property, and claimed that the licensing agreement was invalid. They agreed, however, that they had not paid plaintiffs any money in 2009. Defendants also asserted seven counterclaims, including mistake of fact, fraud, negligence, and tortious interference with contractual relations. Based on these claims, defendants sought damages.

We briefly recount the procedural history of the case because it is important to the court's ruling and defendants' claims of error on appeal. At the outset, plaintiffs' request for a writ of attachment was continued because defendants were out of state for the winter. Plaintiffs initiated discovery by serving defendants with a set of interrogatories and requests to produce in January 2010. In March 2010, defendants filed for a protective order, and a motion for an extension of time to reply to the discovery request. Defendants claimed that the interrogatories were "oppressive and [would] cause an undue burden and expense on defendants." Plaintiffs then

moved for sanctions and for partial summary judgment. The court set a hearing date for the pending motions which was continued following plaintiffs' request. As the court noted, "That is one continuance for each side." The hearing was rescheduled for July 19, 2010. On July 13, 2010, defendants moved to further continue the hearing due to Mrs. Caton's ill health and hospitalization. The court denied the motion, but allowed Mrs. Caton to appear by telephone for the hearing.

Following the July hearing, the court issued a scheduling order, setting deadlines for the parties. The court denied defendants' request for a protective order and ordered defendants to answer all pending discovery requests within sixty days. The order also instructed defendants to hire and obtain an opinion from a surveyor within sixty days if they wished to challenge plaintiffs' expert's location of the shared boundary line. The order further required the parties to engage in mediation, and notified the parties that the matter would set for a court trial between October 10 and November 20, 2010. Defendants filed a motion for clarification or an extension of time, which the court denied, reiterating that the court expected defendants to follow the deadlines set forth in the scheduling order.

The court set a trial for October 12, 2010. At the end of September, plaintiffs filed a motion for default or to compel discovery after defendants failed to answer all of the discovery requests within sixty days as directed by the court's July progress order. Apparently, defendants had sent a survey and answers to the requests to admit, but had not answered the interrogatories. Plaintiffs also filed a motion to continue the scheduled trial date because defendants had not yet responded to discovery, mediation had not occurred, and plaintiffs' counsel would be on vacation. Defendants did not oppose the motion for a continuance, but filed a letter seeking to postpone the hearing for at least three months due to Gloria Caton's ongoing medical problems. The court granted the request to reschedule the trial date and further extended the discovery period, allowing defendants until November 15, 2010 to answer the interrogatories. On November 17, 2010, defendants moved for an extension of time to file "anything that is coming due" until Gloria Caton was better. The court scheduled a hearing for December 1, 2010. The notice was sent to all parties. Apparently, the court staff sent defendants' notice to their Florida address in accordance with defendants' previous instructions from September 2010 that defendants would be in Florida from November 20 through spring.

Defendants did not attend the December 1 hearing. At the hearing, the court noted defendants' absence and their failure to comply with the discovery requests by the set time. The court indicated that it would grant the motion to strike and enter a default judgment ordering defendants to remove their property. The court inquired of plaintiffs' counsel as to whether there was a request for monetary damages. Counsel indicated that plaintiffs were seeking damages for nonpayment of the licensing fee, but told the court he would check with his client to see if that claim would be waived. The court instructed him to "have something either today or tomorrow." On December 14, the court issued a final judgment order, based on "defendants' repeated failure to respond to discovery requests and to comply with the court's discovery deadlines and, further, on the basis of the court's order at the hearing on December 1, 2010, which defendants did not attend." The court ordered defendants to remove their property from plaintiffs' land. On December 22, 2010, plaintiffs filed a request for monetary damages and a bill of costs. The court held a hearing on this motion on January 20, 2011. Defendants did not appear. Following the hearing, the court denied the request for damages because plaintiffs had not timely notified the court of their request for damages. Defendants appealed and plaintiffs cross-appealed on the

2

issue of damages. The case was scheduled for argument on appeal, but defendants failed to appear for the hearing.

We first address defendants' claims of error. Defendants first argue that the court erred in scheduling a hearing for December 1, 2010 when the court had been notified that Mrs. Caton would not be available due to medical problems. We conclude there was no error. The trial court has broad discretion to set deadlines and to grant continuances. Finkle v. Town of Rochester, 140 Vt. 287, 289 (1981). Although defendants in November requested that the court generally extend the deadline for filings until Mrs. Caton's health improved, this motion did not preclude the court from scheduling a hearing on December 1. As the record reveals, Mrs. Caton's health problems had been ongoing during the entire litigation and it was well within the court's discretion to decline to indefinitely delay the proceedings. Similarly, it was not an abuse of discretion for the court to deny defendants' November request to further delay the proceedings, especially given defendants' failure to meet previous deadlines already extended by the court.

Next, defendants argue that the court erred in sending the notice for the December 1, 2010 hearing to defendants' Florida address. According to defendants, the court should have sent the notice to their address in Barre, Vermont. We conclude there was no error, given that defendants had previously notified the court that they would be in Vermont in summer and Florida in winter. In fact, on appeal, defendants agree that court staff were informed to use their Vermont address for "the summer months." Thus, it was entirely reasonable for court staff to send a notice issued in November—beyond the summer months—to defendants' Florida address.

Defendants also argue that the court erred at the December 1 hearing in considering plaintiffs' pending motion to strike defendants' pleadings because notice stated that the hearing was to consider defendants' November 17 motion to extend time. We conclude there was no error. The hearing was noticed to consider defendants' motion for an extension of time. Given defendants' absence, however, the court did not hear argument on this motion, and denied the motion. In addition, the court did not take evidence or argument on the pending motion to strike. The court simply granted the motion to strike based on defendants' failure to appear and defendants' ongoing failure to comply with court-ordered deadlines. This was well within the court's discretion given that defendants had notice of the pending motion and had failed to comply with the outstanding discovery requests.

Defendants next contend that the court erred in denying their request to continue the July 19, 2010 hearing, and in considering scheduling issues at the hearing when a status conference was not notified on the hearing notice. As explained above, the trial court has discretion in deciding whether to grant or deny a continuance. Id. Having already granted continuances to both sides, the court did not abuse its discretion in declining to further delay the hearing. Insinuated in defendants' arguments is the notion that the judge was biased against them and treated them unfairly. We find no support for this allegation in the record. The judge acted well within his discretion in setting deadlines. The trial judge granted motions to continue hearings presented by both sides and attempted to accommodate defendants by allowing Mrs. Caton to participate by telephone. Further, that the July 19 notice did not specifically state that the court would set a scheduling order was not error. The hearing notice listed several motions to be considered at the hearing including several motions related to discovery such as plaintiffs' motions to strike and for sanctions, and defendants' motion for a protective order. Thus,

defendants were on notice that discovery would be discussed at the hearing and suffered no prejudice from the court's consideration of discovery scheduling. In fact, the resulting order allowed defendants more time to comply with their outstanding discovery obligations.

There was also no error in the court's denial of defendants' motion for a protective order. Defendants refused to answer any of plaintiffs' interrogatories based on broad objections. Defendants did not, however, specifically explain why they opposed individual requests. V.R.C.P. 26(h). Without this particularized showing, the court did not abuse its discretion in denying defendants' request for a protective order. See Monti v. State, 151 Vt. 609, 613 (1989) (reviewing court's denial of motion for protective order for abuse of discretion).

Finally, defendants argue that the court erred in striking their pleadings and entering default judgment for plaintiffs. The trial court has discretion to sanction parties for failure to obey orders regarding discovery. V.R.C.P. 37(b)(2). This may include "rendering a judgment by default against the disobedient party." V.R.C.P. 37(b)(2)(C). Discovery sanctions are reviewed for an abuse of discretion, "however, litigation-ending sanctions are reserved for only the most flagrant cases." Rathe Salvage, Inc. v. R. Brown & Sons, Inc., 2008 VT 99, ¶ 12, 184 Vt. 355. Before entering a sanction of default, "the court must first find that the disobedient party acted in bad faith or deliberate and willful disregard for the court's orders." Id. (quotation omitted). In this case, we conclude that the court did not abuse its discretion in granting plaintiffs' default judgment. Defendants were first served with plaintiffs' request for interrogatories in January 2010. Deadlines for filing the answers were extended several times— first by the July scheduling order and again by the October 13 order postponing the deadline until November 15. Thus, by the time of the December 1 hearing, the interrogatories had been pending for almost a year and still defendants had made no effort to respond. Under these circumstances, it was within the court's discretion to sanction defendants and grant plaintiffs default judgment. See State v. Jones, 157 Vt. 553, 558-59 (1991) ("A trial judge acts well within his duties to assure that the most effective use be made of the court's resources[,] to supervise and control the movement of all cases on its docket from the time of filing through final disposition, and to apply sanctions when reasonable efforts to manage the court's caseload have failed." (quotations and emphasis omitted)).

Finally, we address plaintiffs' cross appeal concerning their ability to recover monetary damages. The court denied plaintiffs an opportunity to present evidence on damages because it concluded that plaintiffs had waived the claim by failing to notify the court within two days of the December 1 hearing of their intent to pursue damages. Plaintiffs argue that their counsel notified the court within two days of the hearing that plaintiffs were out of town and counsel would inform the court as soon as possible of the status of their damages claim. They assert this notification satisfied the court's imprecise notice request. We conclude that the court erred in dismissing the request for monetary damages without a specific waiver by plaintiffs. Plaintiffs' complaint sought damages in addition to injunctive relief. To waive damages required plaintiffs to affirmatively and intentionally relinquish or abandon their request. See Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 51 (1990) (defining waiver as an "intentional relinquishment or abandonment of a known right" (quotation omitted)). Without a warning from the court that failure to respond could result in dismissal, plaintiffs' failure to notify the court in writing of their continued intent to seek damages was insufficient to waive their claim. See Will v. Mill Condo. Owners' Ass'n, 2006 VT 36, ¶¶ 10-11, 179 Vt. 500 (concluding that damages claim was

4

not waived where it was included in amended complaint and not withdrawn).  Therefore, the matter is remanded for hearing on damages.

<u>Judgment for plaintiffs is affirmed and the matter is remanded for a hearing on damages</u>.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice