*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-260

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| David de Grasse | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Family Division |
| | } | |
| Renee de Grasse | } | DOCKET NO. 780-9-10 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Husband appeals from a final judgment of divorce. He contends the trial court erroneously: (1) denied his request for a continuance to obtain the assistance of counsel; (2) made certain unsupported findings; (3) failed to assign values to marital property; (4) awarded spousal maintenance; and (5) ordered an automatic maintenance adjustment for inflation. We reverse and remand for reconsideration of the maintenance adjustment, and affirm in all other respects.

The essential facts may be briefly summarized. Additional material facts will be set forth in the discussion that follows. The parties separated in September 2010 after a twenty-eight year marriage. They have one adult child. Husband was 51 years old at the time of the final hearing, was in good health, and was employed as an engineer with Green Mountain Power, earning about $91,000 per year. Husband also earns about $12,000 annually with the Vermont National Guard. He had previously been employed with Burlington Electric from 1984 to 2005, when he was terminated for having a long-term affair with another employee. Husband has a number of retirement accounts and pension plans with Burlington Electric, the National Guard, and Green Mountain Power.

Wife was 52 years old at the time of the final hearing. She works as an administrative assistant at a high school, earning $37,000 yearly. Her pension plan will pay $304 monthly upon her retirement at the age of sixty-six. The parties owned a home that had recently sold for $203,000. Husband also owns a minority interest in a family home located in Maine, which the court valued at $73,000.

The court found that the parties had a long-term marriage which ended due to husband's domestic violence and numerous affairs; that husband's income and assets would continue to increase while wife's would remain stagnant; that husband's health was good while wife's was not; and that the parties had enjoyed a middle class standard of living during the marriage, which wife would have difficulty maintaining without a favorable property distribution and an award of spousal maintenance.

The trial court awarded wife the net proceeds from the sale of the marital home, which totaled only approximately $30,000 after deducting a mortgage and other debts, as well as her car and other personal items. The court awarded husband his interest in the Maine home, as well as substantial personal property including bikes, cars, a $10,000 bank account, antique furniture from his family, tools, and other items. The court divided equally husband's retirement accounts. Finally, the court ordered husband to pay spousal maintenance of $2000 per month until his retirement from the military at age 60, and thereafter $1600 per month until age 66. The court also ordered a one percent annual cost of living increase in the maintenance award. This appeal followed.

Husband first contends the trial court improperly denied his request to continue the final hearing so that he could obtain the assistance of counsel. The issue arose at the start of the first day of the hearing in late January 2011, when husband—appearing pro se—informed the court that had spoken with an attorney who had advised him to move for a continuance to retain counsel. The court observed, in response, that the divorce action had been filed four months earlier, in September 2010, had been the subject of two case conferences, and had been scheduled for a final hearing in December, when husband was aware that wife had retained counsel. While acknowledging that husband would be better off with a lawyer, the court found that he had been afforded sufficient time to retain counsel and that court time had been set aside for the hearing, and thus denied the motion. Husband appeared with counsel at the second day of the hearing in April 2011.

"A decision to grant or deny a continuance is a discretionary matter and will not be disturbed unless there is shown an abuse of discretion which causes prejudice." Finkle v. Town of Rochester, 140 Vt. 287, 289 (1981). The trial court also enjoys ample discretionary authority to control its case docket and judicial resources. See State v. Jones, 157 Vt. 553, 559 (1991) ("Our continuance rule leaves control of docket management with the courts."). In the circumstances presented here, we discern no basis to conclude that the trial court abused its discretion in denying husband's belated continuance motion. We also discern no basis for a finding of prejudice. Although husband asserts otherwise, this was not a complicated property case. Husband's claim that an attorney might have successfully excluded evidence of domestic abuse is also entirely speculative, and nothing in the court's decision indicates that fault was a significant factor in its property division or maintenance award. Finally, husband was represented at the continued hearing in April 2011, where he could have sought to admit additional evidence to correct or rebut testimony from the first day of the hearing. The record does not support husband's claim that the only issue raised the hearing on the second day was the status of the Maine property. Therefore, we find no error warranting reversal of the judgment.

Husband further contends that several findings are unsupported by the evidence. It is well settled that we will affirm the trial court's factual findings if supported by any credible evidence in the record. Whippie v. O'Connor, 2010 VT 32, ¶ 12, 187 Vt. 523. Here, husband contests the court's description of wife's health as "only fair" and "not good." Wife testified that she suffered from a permanent sexually transmitted disease that required medication as a result of one of husband's several extramarital affairs, and also that she was taking medications for depression and sleep problems. This was sufficient to support the findings. Moreover, while husband asserts that wife's health was "critical" to the property division and maintenance, nothing in the decision supports the claim.

Husband also challenges the court's finding that his income and assets would continue to increase while wife's would remain stagnant. The evidence in the record shows that husband has a long history of highly skilled employment as an engineer at high wages, that he has several

retirement accounts to which he is still contributing, and that he had received regular salary increases and was expecting another at the time of the hearing. Wife's education, employment history, and salary as an administrative assistant were far more modest and limited. The evidence was thus sufficient to support the findings.

Husband also asserts that there was no evidence to support the value of $73,000 attributed to his interest in his family's house in Maine, or to show that it was part of the marital estate. Wife testified without contradiction that the assessed value of the Maine property was $318,000. She also introduced a 1995 deed from husband's parents granting husband and his brother a forty-six percent interest in the property as tenants in common. From this the court accurately determined the value of husband's interest to be twenty-three percent of $318,000, or $76,000. Husband contends that a 2010 declaration of trust by his father placing the property in a revocable trust somehow converted his interest to a mere expectancy that should not have been included in the marital estate. Even if we agreed that father's action alone could affect husband's preexisting ownership interest in the property, we have recently reaffirmed the principle that the "likely receipt of future inheritances and trust assets or proceeds may be considered" by the court in dividing marital property. Billings v. Billings, 2011 VT 116, ¶ 23. Accordingly, we find no error in the court's consideration or valuation of the Maine property.

Husband also asserts that the trial court erred in finding that husband had used household income to support his current girlfriend, had spent $1,000 to repair her car, and had given her two bicycles costing $1,000 each. Although husband testified that he did not contribute to his girlfriend's household expenses, evidence was introduced showing a $1,000 payment to her for car repairs and a gift of two bikes costing $1,000 each. Although the record shows that the cost of the bikes was actually $500 each, nothing in the court's decision indicates that the error, or these findings as a whole, played any role in the court's overall property division and maintenance awards. See Guibord v. Scholtz, 2006 VT 22, ¶ 10, 179 Vt. 623 (mem.) ("We will not reverse the court's decision based on an erroneous finding if it was not essential to the decision."). Accordingly, we find no basis to disturb the judgment.

Husband next claims that the court erred in failing to assign specific values to husband's several retirement accounts and pension plans, which the court divided equally. The record discloses, however, that husband proposed an equal division of the retirement plans and pensions without any concern or argument regarding their value. Accordingly, we discern no basis for a finding of error. See Sundstrom v. Sundstrom, 2004 VT 106, ¶ 21, 177 Vt. 577 (mem.) (issue not raised below is waived on appeal). Husband raises a similar claim regarding the value of personal items awarded to wife, but again raised no objection to the award at trial.

Husband next asserts that the trial court erred in granting spousal maintenance because there was no evidence that wife "had sacrificed her career" to advance husband's. A court may award spousal maintenance "if it finds that the spouse seeking it lacks adequate income or property to provide for his or her reasonable needs, and the spouse cannot support himself or herself at the standard of living enjoyed during marriage." Jenike v. Jenike, 2004 VT 83, ¶ 9, 177 Vt. 502 (mem.); see also 15 V.S.A. § 752(a). Compensation for a spouse's contributions to the home in lieu of a more remunerative career is but one additional factor that may be considered. See Taylor v. Taylor, 175 Vt. 32, 36-37 (2002). Here, in view of the disparity in the parties' current and future income and financial prospects, we find no basis to conclude that the court abused its "considerable discretion" in awarding spousal maintenance until husband retires. Golden v. Cooper-Ellis, 2007 VT 15, ¶ 47, 181 Vt. 359.

Husband also asserts that the trial court improperly considered fault in awarding maintenance. See Jenike, 2004 VT 83, ¶ 10 (holding that court may not take fault into account in awarding maintenance). Although the court observed at the hearing that the evidence showed considerable fault on husband's part, nothing in its decision indicates that this played any meaningful role in the maintenance award, which, as noted, was otherwise amply supported by the parties' financial circumstances. This is not a case like Jenike, where the trial court had "explicitly grounded the maintenance decision on an impermissible factor, husband's bad conduct," thus requiring a remand. Id. ¶ 11. We thus find no basis to disturb the award.

Finally, husband contends that the court erred in ordering a "1% annual cost of living increase in the maintenance payments." We have recognized that a court may include an "automatic adjustment provision in an order for maintenance" to account for "inflation with relation to the cost of living" under 15 V.S.A. § 752(b)(7) if it utilizes a "formula [to] provide for adjustments . . . based on readily obtainable information." Roya v. Roya, 145 Vt. 488, 490-91 (1985). We have also required, however, that such an award must "provide for situations in which the payor's income does not keep pace with inflationary increases in the cost of living." Id. at 491-92. "In other words, even an 'automatic' cost-of-living award may not be effectuated in the absence of an increase in the payor's income, and the award must incorporate some mechanism for handling this circumstance." Bell v. Bell, 162 Vt. 192, 200 (1994).

The automatic adjustment at issue here fails on both fronts. It fails to set forth a formula for adjustments based on accurate and readily obtainable information, such as the Consumer Price Index, which courts typically utilize. See Roya, 145 Vt. at 491 (noting that adjustments based on the CPI "are easy to calculate and use readily obtainable objective information"); see also Taylor, 175 Vt. at 34 (describing maintenance award providing that it "shall be adjusted . . . annually thereafter to be increased or decreased by a percentage change in the . . . Consumer Price Index"). Nor did the award provide for situations where husband's income does not keep pace with inflation. Accordingly, the provision for automatic maintenance adjustments must be reversed, and the case remanded for reconsideration of that issue.

That portion of the judgment providing for an annual automatic maintenance adjustment is reversed and the case is remanded for reconsideration of the issue. In all other respects, the judgment is affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice

4