*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-054

SEPTEMBER TERM, 2013

In re A.H., Juvenile

}
}
}
}
}
}
}

APPEALED FROM:

Superior Court, Franklin Unit,
Family Division

DOCKET NO. 126-9-11 Frjv

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Mother appeals from an order of the superior court, family division, terminating her parental rights to the minor A.H. She contends that the trial court's denial of a continuance motion was an abuse of discretion resulting in prejudice. We affirm.

The facts may be summarized as follows. A.H. first came to the attention of the Department for Children and Families in 2008, shortly after she was born, based on reports of mother's substance use and a domestic violence altercation. A.H. was placed in protective supervision and remained with mother. In July 2011, further reports of mother's drug use resulted in the entry of a safety plan with DCF in which A.H. was placed with her maternal grandparents until mother could obtain stable housing and demonstrate that she was addressing her substance abuse issues. Mother continued to test positive for drugs and alcohol and remained without housing, resulting DCF taking custody of the child, a temporary care order in October 2011, and a continued placement with A.H.'s grandparents. Approximately one month later, she moved to the home of her maternal aunt and uncle, where she has since remained.

The parents stipulated to a CHINS adjudication in February 2012. In April and June 2012, the court approved a disposition plan with concurrent goals of reunification with mother and adoption, and a case plan calling for mother to engage in a variety of services and meet a number of goals. Among other requirements, she was to remain substance free; provide a safe and stable home environment; demonstrate the ability to care for herself, manage stress and conflict, and meet her own basic needs; demonstrate the ability to recognize the child's physical and emotional needs; work collaboratively with DCF and other service providers; and accept responsibility for her behaviors. The plan also called for her to engage in individual counseling, submit to a substance-abuse assessment, and obtain regular urine screens.

In August 2012, DCF changed the case plan goal to adoption, and filed a petition to terminate parental rights. In October 2012, father voluntarily relinquished his parental rights. On December 14, 2012, the court held an evidentiary hearing on the petition to terminate mother's parental rights. At the outset of the hearing, mother's counsel requested that he be allowed to present mother's case about two weeks later, during Christmas week, so that mother's parents, who were not present, could testify. Counsel stated that he had not been able to speak to

mother because she did not have an active phone number, and was unaware that the grandparents—who had not been subpoenaed—would not appear. Counsel explained that they would testify to "issues of [mother's] ability to provide continuing care for" A.H. Mother also indicated that she hoped to call a representative from Pathways, a nonprofit housing agency working in collaboration with the Department of Mental Health, to testify that she had received a housing voucher. The State opposed the motion, observing that the notice of hearing had issued in late October, leaving counsel ample time to subpoena witnesses. The court indicated that it was not inclined to grant the motion, given the court's limited time and the time already afforded counsel to prepare, but that it would defer ruling until later in the hearing. At the conclusion of the hearing, the court denied the motion to continue, noting that the case had been set for some time, that it was not persuaded additional witnesses would be helpful for the court's consideration, and that the case required a timely decision.

The court issued a written ruling in January 2013. Based on testimony from a physician who had administered mother's urine screens, mother's Family Time coach, and a DCF case worker, the court concluded that mother's situation had stagnated and that termination was in the best interests of the child. Among other findings, the court found: that mother continued to regularly use alcohol, marijuana, and other illegal substances; that she continued to suffer from a number of longstanding mental health conditions that she had not addressed; that she had not yet obtained stable housing, although the court noted that "she [would] soon have a housing voucher;" that she continued to lack insight into her own problems or the needs of A.H.; and that, although her visits with the child had been fairly consistent, she had not made significant progress in improving her parenting skills. The court also noted that, although A.H. had been diagnosed with an attachment disorder and developmental delays, she had made substantial progress in foster care. In light of mother's demonstrated inability over time to address her substance abuse and mental health issues, the court concluded that there was no reasonable likelihood that mother would be able to resume parental responsibilities within a reasonable period of time, and granted the petition to terminate. This appeal followed.

On appeal, mother has not challenged any of the court's findings regarding the change of circumstances or the child's best interests. Her sole contention is that the court abused its discretion in denying her request to continue the hearing to allow her to present the testimony of a representative from Pathways that she had obtained public housing, as well as the testimony of her father and stepmother.

"A decision to grant or deny a continuance is a discretionary matter and will not be disturbed unless there is shown an abuse of discretion which causes prejudice." Finkle v. Town of Rochester, 140 Vt. 287, 289 (1981). The trial court also enjoys considerable discretionary authority to control its case docket to preserve scarce judicial resources. See State v. Jones, 157 Vt. 553, 559 (1991) ("Our continuance rule leaves control of docket management with the courts."). Here, as noted, mother had been on notice of the December 14, 2012 termination hearing since late October, clearly knew of the existence and location of the witnesses in question, and thus had ample opportunity to ensure their appearance. In these circumstances, we cannot find abuse of discretion in the court's refusal to grant a continuance to extend the hearing to a later date to facilitate their appearance and testimony.

Even if we were to conclude otherwise, however, the record would not support a finding of prejudice. The trial court admitted a letter from the Agency of Human Services stating that mother had applied for a Department of Mental Health housing voucher on September 14, 2012,

that its processing had been delayed, and that it was likely she would received a voucher in the near future. Mother testified to the same effect and the court fully recognized this evidence, but it rejected mother's request that it continue or defer the proceedings for several months to allow her to live in stable housing and care for the child, concluding that "further delays" would not be in the child's best interests. It is thus clear from the record that the testimony of the Pathways worker would have been cumulative of the evidence already admitted that mother would soon receive a housing voucher, and further, that such evidence would not have affected the court's conclusion that the child's need for permanence and stability barred any further delays.

A similar conclusion applies to the grandparents' prospective testimony. As noted, mother's offer of proof was that they would testify about mother's ability to provide continuing care for her daughter, and what she had been doing. The court's decision, however, was predicated on the substantial evidence that, despite her sporadic participation in treatment and therapy, mother remained unable to regulate her emotions and behavior, continued to abuse drugs and struggle with mental health issues, lacked insight into the causes of State intervention, and had not shown any significant improvement in her ability to safely parent the child. In light of these findings, amply supported by the record, there is no reasonable basis to conclude that the proffered testimony from mother's parents would have any effect on the outcome. In re R.W., 2011 VT 124, ¶ 17, 191 Vt. 108 (noting that we apply harmless error analysis in termination of parental rights cases, and will reverse the judgment only where an error has affected the substantial rights of a party). Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice