*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-322

APRIL TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Jess Taylor | } | DOCKET NO. 619-9-11 Ancr |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

In the above appeal, defendant argues that the superior court, criminal division, abused its discretion in denying his motion to continue his sentencing hearing. We affirm.

In September 2011, defendant was charged with one count of aggravated sexual assault and one count of sexual assault based on allegations that he had sexually assaulted two of his daughters over many years between the mid-1980's and 2008. On February 12, 2013, defendant pled guilty to both charges in exchange for the State agreeing not to bring other charges concerning his nieces. The parties agreed that there would be a contested sentencing hearing, at which the State would seek a sentence of no more than ten years to life and defendant could seek any lawful sentence. The sentencing hearing was set for April 23, 2013.

On March 15, 2013, defendant's attorney moved to continue the hearing, stating that she was going to be out of the office between April 11 and May 6 for medical reasons. The court granted the motion and rescheduled the hearing for May 13, 2013. On April 29, and again on June 13, a Department of Corrections' caseworker moved to continue the hearing to allow time for completion of the pre-sentence investigation (PSI) report. The court granted both motions, moving the hearing first to June 17 and then to July 30, 2013.

On July 1, defendant's attorney moved to withdraw, stating that she was representing defendant under a contract with the Office of the Defender General, and that she was not renewing the contract. In her motion, she indicated the name of the replacement counsel, who was assigned as defendant's new counsel on the same day. On July 5, the new counsel filed a motion to continue the sentencing hearing, stating that: (1) he had been assigned this case and six other felony cases on July 1; (2) he had learned that defendant might want to call witnesses at the hearing; and (3) the time remaining before the hearing was insufficient to review the case and the PSI report with defendant. The State did not consent to the motion. On July 9, the court denied the motion, stating that the sentencing hearing had already been continued three times.

On July 26, four days before the hearing, defendant's counsel filed a motion asking the court to reconsider its denial of his July 5 motion to continue the hearing. The motion sought "at

least thirty extra days" for the following reasons: (1) in the past three weeks defendant's counsel had made prompt efforts to have defendant evaluated by a healthcare professional specializing in sexual offenses; (2) one such professional recently began the evaluation process but needed an additional thirty days to complete it; and (3) after an initial communication with defendant, that professional "saw the potential that his evaluation would be instrumental in determining the proper treatment and sentence" for defendant. On July 29, the court denied the motion to reconsider, stating that the sentencing hearing had been repeatedly rescheduled after originally being set for April 23, and that any evaluation should have been initiated in February, when defendant pled guilty.

At the sentencing hearing the next day, defendant's counsel expressed defendant's willingness to undergo treatment and at one point stated that "[w]e had really, really hoped that we would have been granted more time so that we could have put on a forensic expert to talk about his [minimal potential for] recidivi[sm]." After listening to victim statements, defendant's character witnesses, attorney arguments, and defendant's statement, the court sentenced defendant to the maximum amount allowed under the plea agreement. The court explained that it was dealing with a pattern of predatory behavior over many years against multiple victims who trusted defendant and were in his care. The court stated that "because of all that" it would "adopt the State's recommendation." The court added: "I have to say if there had not been a plea deal, I would likely impose 20 years to life, given the history of what's happened here." Following sentencing, defendant's attorney repeated for the record that he objected to the court denying him an opportunity to bring in a forensic psychologist to testify on defendant's behalf.

On appeal, defendant argues that the superior court abused its discretion in denying his motion for a continuance of the sentencing hearing, given that this is a life-sentence case involving a contested sentencing hearing that afforded him his only opportunity to present an expert who could testify about the low likelihood of recidivism and recommended appropriate programming. Upon review of the record, we conclude that defendant has failed to show that there was no reasonable basis to support the sentencing court's denial of his motion to continue. See State v. Schreiner, 2007 VT 138, ¶ 14, 183 Vt. 42 ("Because a motion to continue must be decided in the light of circumstances surrounding each individual case, we will not interfere with the trial court's decision if there is a reasonable basis to support it.").

Defendant's attorney made clear in his motion for reconsideration and at the sentencing hearing that he was ultimately seeking a continuance only to have a psychological evaluation completed so that he could potentially obtain mitigating testimony concerning the unlikelihood that defendant would reoffend and the need for appropriate treatment. Defendant's counsel acknowledged at the sentencing hearing that he had had an opportunity to go over the PSI report with defendant and would not be filing any written objections to the report. He also acknowledged that the PSI report "put [defendant] at low risk" of reoffending. For its part, the court explicitly based its sentencing decision on the nature and scope of the crimes and their impact on the victims, stating that the only reason it was not doubling the minimum sentence was that it was prevented from doing so by the plea agreement. Although the court opined that any evaluation would not likely have impacted its decision, the primary basis of its denial of the motion to continue the hearing for a fourth time was that defendant had had an opportunity to obtain a psychological evaluation from the time he pled guilty nearly six months before the sentencing hearing was finally held, and that the matter needed to go forward after three previous continuances. Given the multiple previous delays, defendant's opportunity to obtain a psychological evaluation earlier, the acknowledgment in the PSI report that defendant was

unlikely to reoffend, and the court's reasoning in imposing the maximum sentence under the plea agreement, the court acted within its broad discretion in denying defendant's motion for a fourth continuance of the sentencing hearing. See State v. Jones, 157 Vt. 553, 559 (1991) ("Our continuance rule leaves control of docket management with the courts.").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice