VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-000131



| Ellie's Pet Care Services, LLC |
|---|

## ENTRY ORDER

Title:         Motion to Dismiss (Motion: 1)

Filer:        Robert M. Fisher, Esq.

Filed Date:    January 4, 2024

Appellant's Opposition to Motion to Dismiss, filed on January 11, 2024, by Attorney Ronald A. Ferrara.

**The motion is DENIED**.

This is an appeal of a Town of Dummerston Development Review Board (DRB) decision dated October 17, 2023 denying Susan Leslie Powers' (Applicant) application for variances to operate a dog daycare business at property located at 2002 Black Mountain Road, Dummerston, Vermont (the Property). Applicant timely filed a notice of appeal of the DRB's decision in this Court. Presently before the Court is the Town of Dummerston's (Town) motion to dismiss the pending appeal for failure to file a Statement of Questions as required by the Vermont Rules of Environmental Court Procedure (V.R.E.C.P.) and failure to attend this Court's initial status conference in this matter. For the reasons set forth herein, the motion is denied.

Pursuant to V.R.E.C.P. 5(f), an appellant is required to file a statement of questions within 21 days of filing their notice of appeal. V.R.E.C.P. 5(f). This Court's Rules note, however, that "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate." V.R.E.C.P. 5(b)(1). Further, pursuant to V.R.E.C.P. 2(d)(1), "[u]nless a party or counsel is excused by the court in advance of the scheduled date, failure to attend a conference may result in sanctions, including the dismissal of the appeal or entry of default." The Vermont Supreme Court has held, however, that "only rarely would a sanction of final termination of the case be appropriate" for failure to appear at a conference. See Jing Yi v. Heide, 2013 VT 81, ¶ 6

(quoting <u>State v. Jones</u>, 157 Vt. 553, 557 (1991)).  Thus, the Court had discretion when presented with a party that has not filed a Statement of Questions and/or failed to attend a status conference.

Dismissal is not warranted here.  This is the second appeal of a DRB decision relative to the Property and project.  In 2022 another docket, No. 22-ENV-00033, was voluntarily withdrawn and dismissed without prejudice to allow Applicant to re-file an application under amended Town zoning regulations.  The pending appeal is of the subsequent application.  Applicant's present filing expresses some confusion over this process and the import of the Statement of Questions in the previous docket.[1]  As this is a new appeal, a new Statement of Questions must be filed. Further, Applicant's attorney has represented to this Court that his failure to attend the January 4, 2024 initial status conference in this matter was due to an unexpected medical emergency he experienced in December 2023 which impacted his ability to request a continuance of the hearing.  Thus, the Court concludes that dismissal in the context of the above circumststances in inappropriate and the motion is **DENIED**.

The Court notes that this matter has been pending for slightly over two months.  Applicant has represented that a Statement of Questions will be filed.  We direct Applicant to file her Statement of Questions by **Friday, February 9, 2024**.[2]

Electronically signed February 1, 2024 in Montgomery, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] The Court notes that at the January 4, 2024 status conference, counsel for the Town similarly expressed a lack of clarity on the process giving rise to the pending appeal.

[2] Applicant's response to the pending motion notes that she would provide not only a Statement of Questions, but also the exhibits and writings considered by the DRB and a transcript of the proceedings before the DRB.  The Court understands that Dummerston is not an "on-the-record" town and, therefore, the proceedings before this Court are de novo.  As such, we hear the case "as though no action whatever has been held prior thereto." <u>Chioffi v. Winooski Zoning Bd.</u>, 151 Vt. 9, 11 (1989).  Thus, this documentary evidence and transcript accompanying the Statement of Questions is not necessary.  The Court directs the Applicant to provide a Statement of Questions alone, consistent with V.R.E.C.P. 5(f).  The use of exhibits is limited to motion practice at trial, when the Court will take evidence related to the Statement of Questions.