IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT E. WILLIAMS, | § | |
| | § | No. 306, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | I.D. #1007021554 |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: January 21, 2015
Decided: January 30, 2015

Before **STRINE**, Chief Justice; **RIDGELY** and **VAUGHN**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.


Natalie S. Woloshin, Esquire, Woloshin Lynch Natalie & Gagne, P.A., Wilmington, Delaware, for Appellant.

Karen V. Sullivan, Esquire, Department of Justice, Wilmington, Delaware, for Appellee.


**STRINE**, Chief Justice:

Robert E. Williams was convicted of two counts of robbery in the first degree, two counts of possession of a firearm during the commission of a felony, one count of conspiracy in the second degree, and one count of assault in the third degree. He was sentenced to twenty-two years at Level V incarceration, followed by probation. He now appeals from a Superior Court order denying his motion for postconviction relief, and claims that the trial court abused its discretion for two reasons.

First, Williams claims that the trial court should have found that his trial counsel was ineffective because he failed to file a motion to suppress a statement that Williams made to the New Castle County police approximately fifteen hours after he was taken into custody. As to that point, we agree with the Superior Court's well-reasoned order that the period of time that elapsed was not an "unreasonable delay" that would trigger an automatic finding of legal involuntariness,[1] and therefore, Williams did not satisfy his burden to show that his trial counsel's failure to file a motion to suppress prejudiced him under *Strickland v. Washington.*[2]

---

[1] *See State v. Williams*, 2014 WL 2536992, at *6 (Del. Super. June 2, 2014) (quoting 11 *Del. C*. 1909(a), which requires every person arrested to be brought before a Magistrate "without unreasonable delay"); *Wright v. State*, 633 A.2d 329 (Del. 1993) (when evaluating whether delay is "unreasonable," "each case must be judged on its own facts and among the factors to be considered are the length of the delay and the atmosphere surrounding the detention," and holding that a thirteen-and-a-half hour detention was not "unreasonable" as a matter of law); *Hopkins v. State*, 501 A.2d 774, 776 (Del. 1985) ("Whether a statement otherwise admissible is inadmissible as a product of unreasonable delay . . . is to be determined after consideration of the totality of the circumstances."); *Fullman v. State*, 389 A.2d 1292 (1978) (finding that a twenty-one hour delay was reasonable under the circumstances); *Deputy v. State*, 500 A.2d 581, 589 (Del. 1985) (holding that a delay of twenty hours was not unreasonable under the circumstances); *Lasby v. State*, 185 A.2d 271 (Del. 1963) (holding that a delay of eight hours could not as a matter of law be held to be an "unreasonable delay").

[2] *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Swan v. State*, 28 A.3d 362 (Del. 2011) (to establish prejudice, the defendant "must show that there is a reasonable probability

Williams' second argument is that the trial court should have determined that his trial counsel was ineffective because he failed to investigate and present readily available mitigating evidence at Williams' sentencing hearing. We agree with the Superior Court's thorough decision finding that Williams did not establish prejudice under *Strickland*.[3]

Because of Williams' novel contention that his counsel was ineffective for failing to hire a mitigation investigator in a non-capital case, it is useful to explain why we affirm. Given the seriousness of Williams' criminal record, the chances he had to get on the right track, and the pre-sentence report that detailed his difficult childhood and the fact that his parents were poor role models, there is not a basis to conclude that there was a reasonable probability that Williams' twenty-two year sentence, which was well below the 103 years he could have received, would have been lesser had the evidence Williams now points to been presented.[4] We also find Williams' contention that a mitigation specialist should be retained in serious non-capital cases as an invariable requirement of effective representation is without legal basis.

_____

that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (internal quotations omitted).

[3] *See Williams*, 2014 WL 2536992, at *6 (noting that although the mitigation report developed by post-conviction counsel was more extensive, "defendant's sad upbringing by a drug addicted mother and the dysfunction created by that environment was brought to the Court's attention, as it is contained in the presentence report").

[4] *Id.* at *6 (finding that there was no reasonable probability that the additional mitigating evidence, had it been presented, would have led to a more modest sentencing, and stating: "What was the driver as to the Defendant's 22 year sentence? First, [Williams] faced a minimum sentence of sixteen years because of his prior conviction in Maryland for armed robbery. The Court then added six more years and would do so again, regardless of the present mitigation report, because [Williams] engages in armed robberies. At the time he committed the robberies, [Williams] was on escape status from Baltimore, Maryland where he had been convicted of armed robbery. He learned no lessons in Maryland, and continued his illegal conduct in Delaware").

There are critical differences between capital and non-capital cases. Among them is the reality that, in a death penalty case in our State, the sentencing judge and jury is asked to decide between two harsh options: execution or natural life in prison. The mitigation presentation is essential because it may be the only way to convince the judge and the jury to give the more merciful of the two harsh sentencing options. But, under either outcome, the defendant is no longer a threat to public safety as neither involves a possibility of freedom.

In a non-capital sentencing hearing, where the judge must determine the length of the defendant's prison sentence, mitigation evidence plays a less central role.[5] Because the defendant may eventually be released from prison, the sentencing judge must consider what sentence best promotes public safety. Mitigating evidence that allows a judge to have a better understanding for why the defendant committed the offense is less critical to the overall sentencing calculus in a context where the central consideration is how long the offender should be incapacitated not just as a fair retributive punishment, but to protect the public. Not only that, it is legitimate to recognize that a sentence of death is different in kind, not degree. In a case like this one, counsel has a duty, which it discharged here, to work with the client to make reasonable arguments for a merciful

---

[5] *See* ABA Standards for Criminal Justice: Prosecution Function and Defense Function 4-1.2(c) ("Since the death penalty differs from other criminal penalties in its finality, defense counsel in a capital case should respond to this difference by making extraordinary efforts on behalf of the accused."). *Compare id.* at 4-8.1(d) (directing sentencing counsel to "present to the court any ground which will assist in reaching a proper disposition favorable to the accused") *with* ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases (requiring that a mitigation expert be used, and suggesting specific types of mitigating witnesses and arguments).

sentence. But ordinarily, it will be the client's own responsibility to help counsel present mitigating factors to the court and the client cannot expect to be given not only paid counsel, but also a mitigation expert to assist counsel.

For the foregoing reasons, the judgment of convictions of the Superior Court is AFFIRMED.