IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY STANLEY, | § | |
| | § | |
| Defendant Below, | § | No. 79, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1101020723 and |
| | § | 1106019686 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 28, 2015
Decided: June 4, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 4th day of June 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)   On September 22, 2011, the appellant, Anthony Stanley, pled guilty to Reckless Endangering in the First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person Prohibited ("PFBPP"). These charges arose from a January 2011 shooting at a bowling alley ("Bowling Alley Shooting") in which five innocent bystanders were shot. As part of the plea agreement, Stanley agreed to testify truthfully at the trial of the other shooters and the State agreed to enter a *nolle prosequi* on the other

charges in the indictment. Stanley had previously told the police that he was one of the shooters and that LeShawn Washington had shot him in the bowling alley.

(2) At Washington's trial, Stanley testified that Washington did not shoot him. The State then played a recording of Stanley's previous inconsistent statement to the police. The State also played recordings of prison calls made by Stanley in which he expressed a desire to undermine the State's case and deal with Washington himself.

(3) On January 31, 2012, Stanley pled guilty to Assault in the First Degree, PFDCF, and Conspiracy in the Second Degree. These charges arose from Stanley shooting a man while he was on bail in the Bowling Alley Shooting ("Claymont Street Shooting"). As part of the plea agreement, the State entered a *nolle prosequi* on the other charges in the indictment.

(4) Presentence investigations ("PSI") were ordered in both the Bowling Alley Shooting case and the Claymont Street Shooting case. On June 8, 2012, Stanley was sentenced in both cases to a total of fifty-six years of Level V incarceration, suspended after forty-nine years for decreasing levels of supervision. The Superior Court subsequently issued a corrected sentencing order, which reduced Stanley's sentence to forty-nine years of Level V incarceration, suspended after forty-seven years for decreasing levels of supervision.

2

(5)     Stanley appealed the Superior Court's judgment and his counsel filed a brief under Supreme Court Rule 26(c).  In his points on appeal, Stanley contended that the Superior Court erred by not articulating the aggravating factors for exceeding the sentencing guidelines and that the State misrepresented his criminal record to the Superior Court.  This Court affirmed the judgment of the Superior Court on February 12, 2013.[1]

(6)     In March 2013, Stanley filed a motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61") in the Claymont Street Shooting case.  Stanley claimed his counsel was ineffective because he failed to provide any discovery, failed to inform Stanley that he had a right to a speedy trial, and told Stanley that he did not believe he could win the case and Stanley should accept the guilty plea.  In June 2013, Stanley filed motions for postconviction relief in the Bowling Alley Shooting case and the Claymont Street Shooting case.  In both motions, Stanley contended that the Superior Court failed to consider the appropriate sentencing factors, the Superior Court failed to explain the basis for deviating from the sentencing guidelines, and that the State misrepresented his criminal record to the Superior Court.  Postconviction counsel ("Postconviction Counsel") was appointed to represent Stanley.

---

[1] *Stanley v. State*, 2013 WL 543897 (Del. Feb. 12, 2013).

(7)     Postconviction Counsel filed an amended motion for postconviction relief on June 17, 2014.   In this motion, Postconviction Counsel argued that Stanley's former counsel ("Former Counsel") was ineffective because he failed to investigate and present mitigating evidence at sentencing, despite red flags raised by the PSI.  Former Counsel submitted an affidavit stating that he was aware of the contents of the PSI and believed the PSI sufficiently outlined Stanley's childhood and family hardships.  Former Counsel also described the negative reactions of the State and sentencing judge to Stanley's testimony at the trial of LeShawn Washington.

(8)     In opposition to the postconviction motion, the State argued that Stanley had not established Former Counsel was deficient or that he was prejudiced under *Strickland v. Washington*.[2]   The State also relied on *State v. Williams*[3] to argue that Former Counsel was not required to obtain a mitigation expert and that Stanley failed to show he suffered prejudice.  A Superior Court Commissioner recommended denial of Stanley's motion for postconviction relief.  The Commissioner found that Stanley's conclusory ineffective assistance of counsel claims and failure to identify mitigating evidence that he claimed should have been discovered did not rebut the presumption that Former Counsel was

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] 2014 WL 2536992 (Del. Super. Ct. June 2, 2014), *aff'd*, 110 A.3d 550 (Del. 2015).

professionally reasonable. The Commissioner also found that Stanley had failed to show prejudice as a result of Former Counsel's conduct because there was no reasonable basis to believe that any mitigating evidence provided by Former Counsel would have altered Stanley's sentence, especially in light of Stanley's actions while on bail for the Bowling Alley Shooting and his testimony at LeShawn Washington's trial.

(9) After *de novo* review, the Superior Court adopted the report and recommendation of the Commissioner and denied Stanley's motion for postconviction relief. This appeal followed. On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.

(10) Postconviction Counsel informed Stanley of the provisions of Rule 26(c) and provided Stanley with a copy of the motion to withdraw and the accompanying brief. Postconviction Counsel also informed Stanley of his right to identify any points he wished this Court to consider on appeal. Stanley has raised two issues for this Court's consideration. The State has responded to the issues raised by Stanley and asked this Court to affirm the Superior Court's judgment.

(11) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a

5

conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4]

(12) On appeal, Stanley argues that: (i) the Superior Court failed to determine that Stanley knowingly waived his trial rights in his Claymont Street Shooting guilty plea; and (ii) Former Counsel provided inadequate advice concerning a PSI in the Bowling Alley Shooting. Stanley does not raise the mitigating evidence issue argued by Postconviction Counsel in the Superior Court. Because neither of the points Stanley raises on appeal were raised in the Superior Court proceedings, our review is limited to plain error.[5] Plain error is "limited to material defects which are apparent on the face of the record; which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[6]

(13) Stanley could have challenged whether he knowingly entered a guilty plea in a motion to withdraw under Superior Court Criminal Rule 32(d) or on direct appeal, but did not do so. Thus, this claim is barred by Superior Court

---

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[5] Supr. Ct. R. 8.

[6] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

6

Criminal Rule 61(i)(3) unless Stanley can establish cause and prejudice[7] or plead a colorable claim of a miscarriage of justice because of a constitutional violation that undermined the fairness of the proceedings.[8] Stanley has not satisfied either standard.

(14) The record reflects that Stanley signed a Truth-In-Sentencing guilty plea form in which he marked "yes" to the question regarding whether he understood that by pleading guilty he would not have a trial and that he waived his right to a trial by jury. The transcript of the plea colloquy reflects that Stanley's counsel informed the Superior Court that Stanley understood he waived the constitutional rights enumerated in the Truth-in-Sentencing guilty plea form and that his plea waived his right to trial. Stanley responded affirmatively to the Superior Court when asked if he reviewed the Truth-in-Sentencing guilty plea form. Under these circumstances, we conclude there is no plain error in Stanley's guilty plea in the Claymont Street Shooting case.

(15) Stanley next claims his counsel was ineffective because the Truth-in-Sentencing guilty plea form in the Bowling Alley Shooting case reflected that the parties requested a PSI, but Former Counsel indicated at the guilty plea colloquy

---

[7] Super. Ct. Crim. R. 61(i)(3) (2013) (providing that claim not asserted in proceedings leading to judgment of conviction is barred unless movant shows cause for default and prejudice from violation of movant's rights).

[8] Super. Ct. Crim. R. 61(i)(5) (2013) (providing that Rule 61(i)(3) does not apply to claim that court lacked jurisdiction or colorable claim of miscarriage of justice).

that he had not requested or agreed to a PSI. Stanley also claims Former Counsel did not explain why he had reservations concerning a PSI and that if these reservations were based on concerns that a PSI could be harmful to Stanley, then that could have affected Stanley's decision to plead guilty. To establish a claim of ineffective assistance in the context of a guilty plea, a defendant must show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.[9] A defendant must substantiate a claim of ineffective assistance with concrete allegations of cause and actual prejudice or else risk summary dismissal.[10]

(16) Stanley's conclusory and speculative allegations regarding the PSI do not establish plain error. Regardless of whether parties request a PSI, the Superior Court has the discretion to order a PSI.[11] The Superior Court chose to exercise its discretion to order a PSI in the Bowling Alley Shooting case. Stanley also faced the possibility of a PSI if he proceeded to trial. If a jury found Stanley guilty based

---

[9] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (1988).

[10] *Chattin v. State*, 2012 WL 5844886, at *2 (Del. Nov. 16, 2012); *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[11] 11 *Del. C.* § 4331(a) ("Upon conviction of any person for any crime and before sentencing, *the court may*, before fixing punishment or imposing sentence, direct an Investigative Services officer to thoroughly investigate and report upon the history of the accused and any and all other relevant facts, to the end that the court may be fully advised as to the appropriate and just sentence to be imposed) (emphasis added).

on the overwhelming evidence of his involvement in the Bowling Alley Shooting, including his own statement, then the Superior Court could have exercised its discretion to order a PSI before sentencing.[12] We conclude that Stanley's PSI claim is without merit.

(17) This Court has reviewed the record carefully and has concluded that Stanley's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Postconviction Counsel has made a conscientious effort to examine the record and the law and has properly determined that Stanley could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[12] *Id.*

9