# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Cr. ID. Nos. 1607009547
ANTHONY J. STANLEY,　　　　　　　　)　　　　　　　　　1609017759, and
　　　　　　　　　　　　　　　　　　　)　　　　　　　　　1701013434
　　　　　Defendant.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

Submitted: February 5, 2019
Decided: April 3, 2019

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## **ORDER**

This 3rd day of April 2019, the Court has considered the Commissioner's

Report and Recommendation, Defendant's Motion for Postconviction Relief, and

the relevant proceedings below.

On June 11, 2018, Defendant Anthony J. Stanley filed a Motion for

Postconviction Relief; on September 17, 2018, Defendant's Counsel submitted an

Affidavit in response to Defendant's Motion for Postconviction Relief; on October

1, 2018, Defendant filed a Response to Counsel's Affidavit; and on October 16, the

1

State filed a Response to Defendant's Motion for Postconviction Relief. The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on January 22, 2019. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

Defendant raises two claims in his Motion. First, Defendant claims Counsel was ineffective in handling the plea and the sentencing. Second, Defendant claims that there was no physical evidence to convict him of the PFDCF charge and that no weapon was found. Defendant's second claim is procedurally barred, both of his claims were waived, and both are without merit.

Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether Defendant has met the procedural requirements of Superior Court Criminal Rule 61.[1] If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the postconviction claim.[2]

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[2] *Id.*

2

Superior Court Criminal Rule 61(i)(3) requires that Stanley raise his claims, with the exception of his ineffective assistance of counsel claims, on direct appeal.[3] Stanley's ineffective assistance of counsel claim is not procedurally barred by Rule 61(i)(3) because a Rule 61 motion is the appropriate vehicle for raising these claims. Defendant's claim that there was no physical evidence to convict Defendant of the PFDCF charge and the claim that no weapon was found are procedurally barred for failing to raise these claims on direct appeal.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the deficiencies in counsel's representation caused the defendant actual prejudice.[4] When a defendant has pled guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.[5] Mere allegations of ineffectiveness will not suffice. A defendant must make and substantiate concrete allegations of actual prejudice.[6]

---

[3] *See Malin v. State*, 2009 WL 537060, at *5 (Del. Super.); *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[4] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[5] *State v. Hess*, 2014 WL 6677714, at *6 (Del. Super.).

[6] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[7]

Defendant's contention that he had not adequately discussed this case with Counsel prior to taking the plea is contrary to the representations Defendant made to the Court at the time he accepted his plea. Prior to accepting his plea, Defendant's counsel represented to the Court that they had fully discussed the nature of the charges, possible defenses, and the potential sentences that Defendant was facing. In Counsel's Affidavit in response to Defendant's Motion, Counsel reiterates that he discussed the pending matters with Defendant on multiple occasions and that they had spoken at length about the plea offer and the pending charges. At the time of his plea, Defendant represented to the Court that he was voluntarily entering into his plea, that he was fully advised of his rights, and that he was satisfied with Counsel's representation.

Defendant has not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy or answers on the Truth-in-Sentencing Guilty Plea Form. Defendant has not sustained his burden of demonstrating that his counsel rendered ineffective assistance in regards to the plea

---

[7] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super.).

4

agreement. Defendant's claim that he never adequately discussed his plea with Counsel is without merit.

Defendant's claim that Counsel was ineffective as to Defendant' sentencing is also without merit. Defendant claims that he was promised his sentence would not exceed three years. However, Defendant knew at the time he entered into his plea that he was facing a sentence range of 3-44 years and that the State would be recommending a five-year prison sentence. At the time of his plea, Defendant represented to the Court that no one had made any promises as to what his sentence would be. Defendant's present contention that he was promised a three-year prison term is contrary to his prior representations at the plea colloquy and is without merit. Defendant's argument that he would not have accepted the plea if he knew he would receive a four-year prison term is similarly unsupported by the record and is without merit.

Counsel contends that had he obtained a mitigation report, he would have been able to better assist Defendant. While Counsel's practice may be to obtain a mitigation expert report, there is no such requirement that a mitigation specialist be retained in serious non-capital cases as an invariable requirement of effective representation.[8] Counsel was not deficient for not having provided a mitigation

---

[8] *Williams v. State*, 110 A.3d 550, 551 (Del. 2015).

expert report, and there has been no showing of any actual prejudice as a result thereof. Neither Counsel nor Defendant have asserted any additional information that was not already contained in the presentence report. Counsel successfully persuaded the Court to depart from the State's sentencing recommendation. Counsel presented mitigating evidence on Defendant's behalf and Defendant provided an allocution statement. Defendant expressed his remorse, apologized, and accepted responsibility for his actions.

Defendant has not established that Counsel's performance fell below an objective standard of reasonableness or that he was prejudiced in any way by Counsel's representation at the sentencing hearing.

Defendant's claims that there was no physical evidence to convict him of the PFDCF charge, and that no weapons were found, are procedurally barred. Defendant's claims for ineffective assistance of counsel are without merit.

The Court holds that the Commissioner's Report and Recommendation dated January 22, 2019 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[9]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[9] Super. Ct. Crim. R. 62(a)(4)(iv).